# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-933

HECTOR J. GONZALEZ-MORALES, APPELLANT,

v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before FARLEY, IVERS, and GREENE, *Judges*.

## O R D E R

Veteran Hector Gonzalez-Morales appeals, through counsel, a March 24, 2000, Board of Veterans' Appeals (Board) decision that dismissed his claim for service connection of a psychiatric disorder for failure to file a timely Substantive Appeal from a VA regional office (RO) decision denying that claim. Mr. Gonzalez-Morales seeks reversal of the Board's decision. The Board's decision will be reversed and the matter remanded for adjudication on the merits. In view of the disposition of this case, Mr. Gonzalez-Morales' motion for oral argument will be denied.

In December 1993, the RO issued a decision denying Mr. Gonzalez-Morales' claim for service connection for psychiatric disorder. Record (R.) at 21. After receiving Mr. Gonzalez- Morales' Notice of Disagreement (NOD) (R. at 28), the RO issued a Statement of the Case (SOC) in February 1994. R. at 31. In March 1994, Mr. Gonzalez-Morales filed a Substantive Appeal to the Board (R. at 40), and soon thereafter he requested cancellation of a personal hearing and withdrawal of his Substantive Appeal. R. at 43, 299. However, in September 1994, he informed the RO of his desire to reopen his previously and finally disallowed claim and reschedule his personal hearing. R. at 48, 295. When Mr. Gonzalez-Morales requested that he be allowed to go forward with his claim, the RO obliged him and further processed the claim as though the Substantive Appeal had never been withdrawn. R. at 52. On six different occasions over the next five years, VA informed Mr. Gonzalez-Morales that he had already filed a Substantive Appeal in 1994, and no other action was necessary. *See* R. at 61-62, 66-68, 130-34, 186-88, 221-24, 226-28. However, after review of his appeal, the Board held that he had not filed a timely Substantive Appeal and dismissed the matter.

An appeal of an RO decision begins with the claimant filing an NOD. *See* 38 U.S.C. § 7105. An NOD must be filed within one year from the date of mailing of the notice of the RO decision. *Id*. After the NOD is received, VA must issue to the claimant an SOC if the disagreement expressed in the NOD is not resolved. *See* 38 U.S.C. § 7105(d)(1). The claimant has 60 days from the date on

1

which the SOC is mailed, or the remainder of the "one year period from the date of mailing of the notification of the determination being appealed, whichever period ends later," in which to file a Substantive Appeal. 38 C.F.R. § 20.302(b) (2002); *see also* 38 U.S.C. § 7105(d)(3). Further, upon a showing of good cause, the 60 day period for filing a substantive appeal will be extended for a reasonable period. *See* 38 U.S.C. § 7105(d)(3). An RO may close an appeal without notice to an appellant for failure to respond to an SOC within the period allowed. *See* 38 C.F.R. § 19.32 (2002). However, if a Substantive Appeal is subsequently received within the one-year appeal period, the appeal will be considered reactivated. *Id.*

Of controlling significance in this instance, and contrary to the decision of the Board, this Court has held that the "[f]ailure to file a timely [Substantive] Appeal does not automatically foreclose an appeal, render a claim final, or deprive the [Board] of jurisdiction." *Rowell v. Principi*, 4 Vet.App. 9, 17 (1993). Here, as in *Rowell*, "because there is no indication that the RO 'closed' the appeal for failure to file a timely [Substantive] Appeal, and because it appears to have treated the veteran's [March 25, 1994,] filing as timely, there is no problem, with regard to the timeliness of the filing of the [Substantive] Appeal, which would deprive the Board of jurisdiction over this case as an original claim." *Id.* at 17-18 ; *see also Beyrle v. Brown*, 9 Vet.App. 24, 28 (1996); *Roy v. Brown*, 5 Vet.App. 554, 556 (1993) (in *Rowell*, there was an implicit waiver by the Board of the timely filing of the VA Form 1-9.).

The Court notes that the Secretary originally argued that a remand of the matter to the Board for readjudication in light of the enactment of the Veterans' Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106 - 475, 114 Stat. 2096 (Nov. 9, 2000), and the Court's decision in *Holliday v. Principi*, 15 Vet.App. 21 (2001). However, as the Secretary acknowledged in a notice of supplemental authority, the U.S Court of Appeals for the Federal Circuit (Federal Circuit) has issued two decisions addressing the retroactivity of the VCAA. *Bernklau v. Principi*, 291 F. 3d 795 (Fed. Cir. 2002); *Dyment v. Principi*, 287 F. 3d 1377 (Fed. Cir. 2002). Both decisions hold that the VCAA provisions codified at 38 U.S.C. §§ 5102, 5103, and 5103A are not retroactively applicable to VA proceedings that were completed and on appeal to this Court or the Federal Circuit when the VCAA was enacted. *See Bernklau*, 291 F.3d. at 803-06; *see also Dyment*. The Board decision here on appeal was issued on March 24, 2000, more than six months before the November 2000 enactment of the VCAA. Thus, a remand as originally urged by the Secretary, for the Board to consider the matters on appeal in light of the VCAA is not indicated. *See Stephens v. Principi*, 16 Vet.App. 191 (2002).

On consideration of the foregoing it is

ORDERED that the appellant's motion for oral argument is denied; it is further

ORDERED that the March 24, 2000, Board decision that it does not have jurisdiction over the appellant's psychiatric disorder for service connection is REVERSED and the matter is REMANDED to the Board for adjudication on the merits.


DATED:      January 28, 2003               PER CURIAM.