# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 05-2961

M.C. PERCY, APPELLANT,

v.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided April 17, 2009)

*Terry L. McElyea*, of Fort Collins, Colorado, was on the brief for the appellant.

*R. Randall Campbell*, Assistant General Counsel; *Edward V. Cassidy, Jr.*, Deputy Assistant General Counsel; and *Deborah A. Hoet*, all of Washington, D.C., were on the brief for the appellee.

Before MOORMAN, DAVIS, and SCHOELEN, *Judges*.

MOORMAN, *Judge*: The appellant, veteran M.C. Percy, appeals through counsel a July 14, 2005, decision of the Board of Veterans' Appeals (Board) holding that it lacked jurisdiction over Mr. Percy's appeal of the disability rating assigned for residuals of a service-connected wound to the suprapubic area, on the grounds that he failed to timely file a Substantive Appeal as to that issue. Record (R.) at 1-7. The Board remanded several other issues, including Mr. Percy's appeal of the effective date for his service-connected suprapubic wound, to a VA regional office (RO) for further development. R. at 8-12. The remanded matters are not before the Court. Mr. Percy argues on appeal that the Board incorrectly declined to exercise jurisdiction over the increased disability rating matter. Appellant's Brief (App. Br.) at 4-18. This appeal is timely, and this Court has jurisdiction under 38 U.S.C. §§ 7252(a) and 7266(a).

This case raises the question of whether the requirement that a claimant file a timely Substantive Appeal under 38 U.S.C. § 7105(d)(3) is a jurisdictional predicate to the Board's adjudication of a matter, considering the U.S. Supreme Court's decision in *Bowles v. Russell*, 551 U.S. 205, 127 S. Ct. 2360 (2007). On November 18, 2008, the Court requested that the parties submit supplemental memoranda of law concerning this issue. We hold that *Bowles* is distinguishable because the statutory language of section 7105(d)(3) is clear on its face. The statute does not operate as a jurisdictional bar to the Board's consideration of a Substantive Appeal filed more than 60 days after the Statement of the Case (SOC) is mailed. We further hold that VA waived any asserted defect in Mr. Percy's Substantive Appeal as to the disability rating matter. We thus reverse the Board's determination that it lacked jurisdiction over that matter and remand the matter to the Board for adjudication on the merits.

## I. BACKGROUND

### A. Proceedings Below

Mr. Percy served honorably in the U.S. Army from March 1969 to April 1971, including service in the Republic of Vietnam. R. at 17. At some point during service (the record does not disclose when), Mr. Percy suffered several shell fragment wounds from an exploding grenade, including a wound to the suprapubic region. *See* R. at 1; Supplemental Record (Supp.) at 4. In April 1971, a VA regional office (RO) granted his claim for disability compensation for the residuals of his suprapubic wound, and assigned a disability rating of 0%. *See* R. at 28 (1998 rating decision listing previous rating decisions). On June 29, 1998, among several other decisions, the RO increased the disability rating for that suprapubic disability to 30%, with an effective date in 1994. R. at 19. On June 24, 1999, Mr. Percy timely filed a Notice of Disagreement (NOD) expressing his dissatisfaction with four of the matters in the June 1998 RO decision, including the disability rating for his suprapubic disability. R. at 31-32. On July 20, 1999, the RO issued an SOC, which included the four issues that Mr. Percy referred to in his NOD. R. at 34-47.

On September 20, 1999, Mr. Percy filed a Substantive Appeal, which he presented on a copy of VA Form 9. R. at 49-50. With respect to the issues on appeal, Form 9 allows claimants

two options: They may either check a box indicating that they wish to appeal all of the issues listed in the SOC, or they may check a box indicating that they only wish to appeal some of the issues, and, in the space provided, state the issues they wish to appeal.[1]  Mr. Percy chose the latter option, stating that he wished to appeal the effective date of service connection for his suprapubic disability as well as two other issues; however, he did not specifically list the issue of an increased disability rating for his suprapubic disability.  R. at 49-50.  He also requested a hearing before a Board member.  R. at 49.  On the same date, Mr. Percy's representative also submitted a copy of VA Form 9, and did not check either box, writing only "Substantive Appeal" in the box labeled: "Here is why I think that VA decided my case incorrectly."  R. at 52.  Less than one month later, on October 18, 1999, Mr. Percy's representative specifically identified entitlement to an increased disability rating for the suprapubic disability as one of the issues being appealed.  R. at 54.  On May 12, 2003, the RO certified Mr. Percy's appeal as to all four issues included in the July 1999 SOC, including the disability rating.  R. at 60.

VA provided Mr. Percy with a Board hearing on May 15, 2003.  Supp. at 1-17.  At the start of the hearing, the Board member (who also rendered the decision now on appeal), summarized the issues on appeal, stating first: "The issues that are on appeal today are: Increased evaluation for residuals of a shell fragment wound to the suprapubic area, that's evaluated as 30 percent now?"  Supp. at 2.  Mr. Percy answered: "Right."  *Id.*  Mr. Percy went on to provide extensive testimony on this and other issues.  Supp. at 3-6, 9-13.

On February 14, 2005, the Board wrote to advise Mr. Percy that his September 1999 Substantive Appeal was defective in that it did not appear to specifically list the issue of an increased disability rating for his suprapubic disability.  R. at 62-64.  The Board advised him that, as a consequence, the Substantive Appeal might be untimely as to that issue, that the Board might therefore lack jurisdiction, and that the Board might be forced to dismiss his appeal as to that issue.  R. at 63.  The Board further informed Mr. Percy that he could present written or oral testimony on the matter, and that he had 60 days in which to do so.  R. at 64.  On May 5, 2005 – after the 60-day period – Mr. Percy responded by submitting a third copy of VA Form 9, in which he indicated that he wished to appeal all four issues included in the July 1999 SOC,

---

[1]  *See* VA Form 9, Appeal to Board of Veterans' Appeals, *available at* http://www.va.gov/vaforms/va/pdf/VA9.pdf.

requested a hearing on the jurisdictional issue, and again requested an increased disability rating for his suprapubic disability. R. at 70-83.

On July 14, 2005, the Board issued the decision on appeal. R. at 1-12. In that decision, the Board found that Mr. Percy did not timely file a Substantive Appeal with respect to the disability rating for his suprapubic disability. R. at 3, 6-7. The Board therefore determined that Mr. Percy did not perfect an appeal as to that issue, and that it lacked jurisdiction over that issue. R. at 3, 6-7. The Board also remanded the remaining three issues – including the issue of the effective date for Mr. Percy's suprapubic disability – for compliance with the notice provisions of the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (codified in pertinent part at 38 U.S.C. § 5103(a)). R. at 8-12.

### B. Proceedings Before This Court

Mr. Percy timely appealed the Board's July 2005 decision to this Court. In his initial brief, he urges the Court to reverse the Board's decision that it did not have jurisdiction over the increased disability rating matter and presented five arguments in support. First, he argues that he received defective VCAA notice with respect to the increased rating matter, and the Board therefore should have remanded the matter to the RO for VCAA compliance. App. Br. at 4-10. Second, he argues that because the Board, rather than the RO, made the initial determination that the Board lacked jurisdiction over the matter, the Board should have either remanded the matter to the RO for an initial determination on jurisdiction or sought Mr. Percy's waiver of RO-level development and adjudication. App. Br. at 10-11. Third, he argues that the Board improperly granted him only 60 days to respond to its February 14, 2005, letter informing him of the potential jurisdictional defect and that, under 38 U.S.C. § 5103(b), he was entitled to one year in which to respond. App. Br. at 11-13. Fourth, Mr. Percy argues that, by presenting testimony on the increased rating matter at the May 15, 2003, Travel Board hearing, he perfected his appeal as to that matter. App. Br. at 14-17. Fifth, he argues that, by accepting his testimony at the May 2003 hearing, the Board waived any defect in the filing of his Substantive Appeal. App. Br. at 17-18.

The Secretary responded, arguing that the Board correctly dismissed the increased disability rating matter for lack of jurisdiction. Secretary's Brief (Sec'y Br.) at 5-11. In response

4

to Mr. Percy's arguments, the Secretary argues that the Board could not determine whether VA provided Mr. Percy with VCAA-compliant notice as to the increased rating matter if it lacked jurisdiction over the matter; that the Board could determine its jurisdiction over a matter in the first instance, without obtaining either an RO determination or a claimant's waiver; and that the one-year time limit embodied in 38 U.S.C. § 5103(b) did not apply to notifications of jurisdictional defects. Sec'y Br. at 12-15. As to Mr. Percy's argument that the May 2003 hearing served to perfect his appeal to the Board, the Secretary argues that the hearing "occurred, by admission of Appellant, after the deadline for the submission of Appellant's VA Form 9 as to this issue, which was June 1999." Sec'y Br. at 16. Thus, the Secretary argues that the Board properly dismissed the matter as untimely "[b]ecause Appellant's substantive appeal was not received by the RO within either the 60-day period specified in 38 U.S.C. § 7105(d)(3) or the one-year period specified in 38 C.F.R. § 20.302(b); Appellant did not request nor did the RO grant any extensions of either period; and the [Board] did not adjudicate Appellant's appeal on the merits but rather dismissed the appeal for failure to file a timely substantive appeal." *Id.*

After the parties submitted their initial briefing, but before the Court decided the matter, the Supreme Court issued its decision in *Bowles v. Russell*. In *Bowles*, the issue before the Supreme Court was whether 28 U.S.C. § 2107(c), which permits a district court to extend the time to file an appeal for 14 days from the date on which the court enters the order, is a jurisdictional statute, or whether a court of appeals may excuse a failure to file an appeal within that 14-day window for equitable reasons. *Bowles*, 551 U.S. at __, 127 S. Ct. at 2363. In answering that question, the Supreme Court noted that it "has long held that the taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" *Id.* (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61 (1982) (per curiam)). The Supreme Court therefore held that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement," and that courts of appeal lack jurisdiction to entertain appeals filed outside of the 14-day window allowed by the statute. *Id.* This Court subsequently issued a decision in which it held that, in light of *Bowles*, the taking of an appeal to this Court within 120 days of mailing of a final Board decision is a jurisdictional requirement, which the Court may not waive even when

5

to do so would be equitable. *Henderson v. Peake*, 22 Vet.App. 217, 221 (2008), *appeal docketed*, No. 2009-7006 (Fed. Cir. Oct. 7, 2008).

On July 17, 2008, we called this case to a panel to decide whether, in light of *Bowles* and *Henderson*, the filing of a timely Substantive Appeal is a jurisdictional predicate to the Board's adjudication of a matter and, on November 18, 2008, we ordered the parties to submit supplemental briefing on that question.

In his supplemental memorandum, Mr. Percy notes that, whereas *"Bowles* dealt with an appeal of a civil case in the federal courts," a veteran's appeal to the Board "is not a civil case and does not involve a federal court[;] it is an administrative appeal within the Agency." Appellant's Supplemental Memorandum of Law (App. Supp. Mem.) at 3. He therefore argues that "*Bowles* and *Henderson* are not applicable to the Appellant's case." App. Supp. Mem. at 5. Mr. Percy further notes that this Court "has recognized that the Board may waive its filing requirements" (App. Supp. Mem. at 3 (citing *Beyrle v. Brown*, 9 Vet.App. 24 (1996))), which would indicate that the Substantive Appeal requirement is not jurisdictional. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (stating that jurisdictional requirements "'can never be forfeited or waived'" (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002))).

The Secretary asserts that the timely filing of a Substantive Appeal under section 7105(d)(3) is a jurisdictional requirement. Secretary's Supplemental Memorandum of Law (Sec'y Supp. Mem.) at 3. He argues primarily that section 7105(d)(3) "provid[ed] for a specific timeframe within which claimants must file a Substantive Appeal in order to complete the appellate review process," and thus that "Congress made section 7105 jurisdictional in nature." Sec'y Supp. Mem. at 5. Therefore, he argues, after the Supreme Court's decision in *Bowles*, neither the Board nor this Court may excuse an untimely filed Substantive Appeal for equitable reasons. Sec'y Supp. Mem. at 10-14. The Secretary further argues that this Court, in *Roy v. Brown*, 5 Vet.App. 554 (1993), "properly concluded that § 7105 . . . [is] most reasonably construed to provide that the substantive appeal is jurisdictional." Sec'y Supp. Mem. at 3. We now consider these arguments.

6

## II. ANALYSIS

### A. Statutory and Regulatory Framework

The Board has jurisdiction over "[a]ll questions in a matter which under section 511(a) of [title 38, U.S. Code,] is subject to a decision by the Secretary." 38 U.S.C. § 7104(a). Section 511(a) provides in turn that "[t]he Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans."

If a claimant (a veteran, or his or her dependents or survivors) receives an unfavorable decision on a claim for VA benefits, the claimant may initiate appellate review by filing an NOD. 38 U.S.C. § 7105(a). The claimant "shall" file the NOD within one year from the date on which the agency of original jurisdiction (AOJ) (usually an RO) mails notice of the unfavorable decision. 38 U.S.C. § 7105(b)(1). If the claimant does not file an NOD within the one-year period, the AOJ decision "shall become final." *Id*.

If the claimant does file a timely NOD, the next step in the appellate process is for the AOJ to review its previous decision. 38 U.S.C. § 7105(d)(1). If the AOJ decides to continue its previous decision, the AOJ must send the claimant an SOC. *Id*. The claimant must then perfect an appeal to the Board by filing a Substantive Appeal.[2] 38 U.S.C. § 7105(a).

> The claimant will be afforded a period of sixty days from the date the [SOC] is mailed to file the formal appeal. This may be extended for a reasonable period on request for good cause shown. The appeal should set out specific allegations of error of fact or law, such allegations related to specific items in the [SOC]. The benefits sought on appeal must be clearly identified. The [AOJ] may close the case for failure to respond after receipt of the [SOC], but questions as to timeliness or adequacy of response shall be determined by the Board.

38 U.S.C. § 7105(d)(3); *see also* 38 C.F.R. § 20.302(b) (2008) (Secretary's implementing regulation, essentially restating section 7105(d)(3)).

By regulation, the Secretary has indicated that the AOJ may make the initial determination as to the timeliness or adequacy of a Substantive Appeal. First, 38 C.F.R. § 19.34 (2008) states: "Whether a . . . Substantive Appeal has been filed on time is an appealable issue.

---

[2] Section 7105 appears to use the terms "Substantive Appeal" and "formal appeal" interchangeably. *Compare* 38 U.S.C. § 7105(a) ("substantive appeal") *to* 38 U.S.C. § 7105(d)(3) ("formal appeal"). For the sake of clarity, except where directly quoting the statutory language, the Court will use the term "Substantive Appeal."

If the claimant or his or her representative protests an adverse determination made by the agency of original jurisdiction with respect to timely filing of the Notice of Disagreement or Substantive Appeal, the claimant will be furnished a Statement of the Case." Second, 38 C.F.R. § 20.101(c) (2008) provides:

> All claimants have the right to appeal a determination made by the agency of original jurisdiction that the Board does not have jurisdictional authority to review a particular case. Jurisdictional questions which a claimant may appeal, include, but are not limited to, questions relating to the timely filing of the Notice of Disagreement and the Substantive Appeal.

Notwithstanding any determination by the AOJ, the Board "may address questions pertaining to its jurisdictional authority to review a particular case, including, but not limited to, determining whether . . . Substantive Appeals are adequate and timely, at any stage in a proceeding before it." 38 C.F.R. § 20.101(d).

## B. Whether the Timely Filing of a Substantive Appeal is Jurisdictional

### 1. This Court's Caselaw

In considering the effect of an untimely Substantive Appeal on the Board's merits adjudication of a matter, this Court has consistently held that section 7105(d)(3) is not a jurisdictional statute, that VA may waive its objection to an untimely Substantive Appeal, and that the Board may properly adjudicate a matter when there has been such a waiver. The Court first considered the issue in *Rowell v. Principi*, 4 Vet.App. 9 (1993). In that case, Mr. Rowell asked for and received several extensions of time from the RO in which to file his Substantive Appeal, the last of which expired on June 1, 1990. 4 Vet.App. at 16. Mr. Rowell did not actually file his Substantive Appeal until July 25, 1990, nearly two months after his final extension expired. *Id*. Thus, his Substantive Appeal was untimely filed. *See id.*; 38 U.S.C. § 7105(d)(3). The RO nevertheless accepted the Substantive Appeal and treated it as timely. *Rowell*, 4 Vet.App. at 17. In determining the effect of the untimely Substantive Appeal on Mr. Rowell's appeal, the Court examined the text of the Substantive Appeal requirement and explained that

> failure to file a timely [Substantive] Appeal does not automatically foreclose an appeal, render a claim final, or deprive the [Board] of jurisdiction. Statutory section 7105(d)(3) and regulation § 19.124 (replaced by § 20.302(b)) provide that

8

an RO *may* close an appeal for failure to respond to the SOC. However, the statute and regulations do not *require* an RO to close a claim in that situation; nor do they provide that the claim will become final if the claimant fails to file a timely [Substantive] Appeal.

*Id.* at 17. Therefore, the Court held that the RO had the authority to accept Mr. Rowell's untimely Substantive Appeal, and that, because the RO did accept that Substantive Appeal and treat it as timely, there was "no problem, with regard to the timeliness of the filing of the [Substantive] Appeal, which would deprive the Board of jurisdiction over this case." *Id.* at 17-18. The Court has subsequently reaffirmed that holding several times. *See Gomez v. Principi*, 17 Vet.App. 369, 372 (2003); *Beyrle*, 9 Vet.App. at 28 (holding that, although record did not contain Substantive Appeal as to veteran's claims, by reviewing those claims, Board waived Substantive Appeal requirement, and citing *Rowell* for support); *see also Hunt v. Nicholson*, 20 Vet.App. 519, 524 (2006) (holding that, because Substantive Appeal requirement is nonjurisdictional, equitable tolling applies).

The Court has, in particular, reaffirmed that portion of *Rowell* that held that the AOJ, as well as the Board, could waive any objection the Secretary might have to an untimely Substantive Appeal. In *Gonzalez-Morales v. Principi*, 16 Vet.App. 556 (2003) (per curiam order), the veteran timely filed a Substantive Appeal, but soon after withdrew that Substantive Appeal. 16 Vet.App. at 557. Several months later, after the 60-day period had run, the veteran "requested that he be allowed to go forward with his claim," after which "the RO obliged him and further processed the claim as though the Substantive Appeal had never been withdrawn." *Id.* However, on appeal to the Board, the Board held that the veteran had not timely filed his Substantive Appeal, and dismissed the claim. *Id.* This Court reversed, stating:

> Here, as in *Rowell*, "because there is no indication that the RO 'closed' the appeal for failure to file a timely [Substantive] Appeal, and because it appears to have treated the veteran's . . . filing as timely, there is no problem, with regard to the timeliness of the filing of the [Substantive] Appeal, which would deprive the Board of jurisdiction over this case as an original claim."

*Id.* (quoting *Rowell*, 4 Vet.App. at 17-18).

We reject the Secretary's assertion that "the Court in *Roy* [*v. Brown*] properly concluded . . . that the substantive appeal is jurisdictional." Sec'y Supp. Mem. at 3. The Secretary reads too

9

much into that decision. *Roy* simply recognized that, where a veteran does not timely file a Substantive Appeal, and VA does not waive the Substantive Appeal requirement, the Board may decline to exercise jurisdiction over the matter. 5 Vet.App. at 556. Even after the *Roy* decision, this Court has made it clear that "the Board's use of a jurisdictional, i.e., nondiscretionary, analysis" in questions of timeliness and adequacy of Substantive Appeals is "not appropriate." *Gomez*, 17 Vet.App. at 372.

*2. Whether, Under* Bowles, *the Substantive Appeal Requirement is Jurisdictional*

If, under *Bowles*, section 7105(d)(3) must be construed as jurisdictional, then our previous jurisprudence on the matter is no longer valid. The Secretary asserts that, under *Bowles*, because the 60-day limit to file a Substantive Appeal is expressed in a statute, it is jurisdictional. Sec'y Supp. Mem. at 4-6. We disagree.

It would be an unwarranted extension of *Bowles* to hold that *all* statutory time limits are necessarily jurisdictional; indeed, *Bowles*, by its own terms, disclaims that notion. *See Bowles*, 551 U.S. at __, 127 S. Ct. at 2365 (distinguishing *Scarborough v. Principi*, 541 U.S. 401, 413 (2004) (concluding that statutory time limit to file well-pled application for fees under Equal Access to Justice Act is not jurisdictional)); *see also, e.g.*, *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008) (distinguishing *Bowles* and concluding that statute of limitations prescribed by Anti-Terrorism and Effective Death Penalty Act of 1996 is not jurisdictional). Moreover, the structure of the statute in this case is very different from that at issue in *Bowles*. Whereas in *Bowles*, the Supreme Court found that, by enacting 28 U.S.C. § 2107(c), Congress intended to "forbid[] federal courts from adjudicating an otherwise legitimate 'class of cases' after a certain period has elapsed from final judgment," *Bowles*, 551 U.S. at __, 127 S. Ct. at 2366, we find no congressional intent to forbid VA from adjudicating appeals in which an untimely Substantive Appeals was filed.

Rather than forbidding the Board from adjudicating matters for which the claimant has failed to file a timely Substantive Appeal, Congress has explicitly allowed the Board to adjudicate such matters. The statute in this case expressly provides the AOJ the authority to extend the 60-day filing period for an indeterminate period, and the AOJ "may" – but need not – "close the case for failure to respond after receipt of the [SOC]." 38 U.S.C. § 7105(d)(3); *see*

10

*Fogerty v. Fantasy Inc.*, 510 U.S. 517, 533 (1994) ("The word 'may' clearly connotes discretion."). Moreover, when we construe a statute, "we interpret the words in their context and with a view to their place in the overall statutory scheme." *Tyler v. Cain*, 533 U.S. 656, 662 (2001) (internal quotation marks omitted). The permissive language of section 7105(d)(3) stands in stark contrast to the statutory language mandating that claimants file a timely NOD: "notice of disagreement *shall* be filed within one year from the date of mailing of notice of the result of initial review or determination," and "[i]f no notice of disagreement is filed . . . within the prescribed period, the action or determination *shall* become final." 38 U.S.C. § 7105(b)(1), (c) (emphasis added); *see Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) ("[T]he mandatory 'shall' . . . normally creates an obligation impervious to . . . discretion." (citing *Anderson v. Yungkau*, 329 U.S. 483, 485 (1947))). In other words, Congress has demonstrated that it knows how to prescribe mandatory time limits for obtaining Agency appellate review of a denial of VA benefits when it desires to do so. *Cf. Henderson*, 22 Vet.App. at 220 (comparing this Court's jurisdictional statute, 38 U.S.C. § 7266(a), to section 7105(d)(3), which "explicitly permit[s] relief from prescribed appeal periods within the Agency"). That Congress chose to use permissive language in section 7105(d)(3) rather than the mandatory language it applied to the NOD requirement clearly demonstrates that Congress did not intend an untimely Substantive Appeal to foreclose the Board's exercise of jurisdiction over a matter. *See* Act of Sept. 19, 1962, Pub. L. No. 87-666, 76 Stat. 553 (enacting both NOD and Substantive Appeal requirements); *Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (internal quotation marks omitted)).

The statute is clear on its face that the 60-day period is not a jurisdictional bar to the Board's adjudication of a matter.[3] Thus, unlike the jurisdictional statute at issue in *Bowles*, section 7105(d)(3) is more akin to those court-promulgated filing rules that the Supreme Court has described as "claim-processing rules." *See Bowles*, 551 U.S. at __, 127 S. Ct. at 2364; *Kontrick v. Ryan*, 540 U.S. 443, 454 (2004). It thus also follows that, because that sixty-day

---

[3] We therefore need not reach the appellant's argument that *Bowles* could never apply to proceedings before VA.

filing period is not jurisdictional, VA may waive any issue of timeliness in the filing of a Substantive Appeal, either explicitly or implicitly. *See Kontrick*, 540 U.S. at 458 (noting that nonjurisdictional time limits may be waived or forfeited by the party to whose benefit the time limit works); *Beyrle*, 9 Vet.App. at 28 (holding that, although veteran had not filed Substantive Appeal, VA waived the filing requirement). It may do so as to any issue embraced within the Substantive Appeal or as to the entirety of the claim or claims raised in the Substantive Appeal.

Finally, in reaching this holding, we realize that the Secretary has, by regulation, defined the requirement that a claimant file a Substantive Appeal within 60 days after an SOC is mailed as "jurisdictional." *See* 38 C.F.R. § 20.101(c) ("Jurisdictional questions . . . include, but are not limited to, questions related to the timely filing and adequacy of the . . . Substantive Appeal."); 38 C.F.R. § 20.101(d) ("The Board may address questions pertaining to its jurisdictional authority to review a particular case, including, but not limited to, determining whether . . . Substantive Appeals are adequate and timely."). Because section 7105(d)(3) is clear on its face, this Court has no obligation to defer to the Secretary's interpretation of that statute. *See Dole v. United Steelworkers of Am.*, 494 U.S. 26, 42-43 (1990); *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984); *Gallegos v. Principi*, 283 F.3d 1309, 1316 (Fed. Cir. 2002). Insofar as the Secretary's regulations interpret a timely Substantive Appeal to be a jurisdictional requirement, in the strict sense, for the Board's adjudication of a matter, because "the statute unambiguously forbids the [Secretary's] interpretation," we would ordinarily overrule those regulations. *Barnhart v. Walton*, 535 U.S. 212, 218 (2002); *see also Chevron*, 467 U.S. at 842-43 (holding that if the statute speaks clearly "to the precise question at issue," we "must give effect to the unambiguously expressed intent of Congress").

However, as the Supreme Court has recently noted, "jurisdiction . . . is a word of many, too many, meanings," and lawyers have "sometimes been profligate in [their] use of the term." *Arbaugh*, 546 U.S. at 509 (quotation marks omitted). If we assume that the Secretary's use of the word "jurisdictional" in describing the Substantive Appeal requirement was a product of such imprecision, there is no contradiction between the Secretary's regulation and the statutory text. According to section 7105(d)(3), VA *may* close an appeal for failure to file a timely Substantive Appeal, in which case the Board *may* decline to exercise jurisdiction over the appeal as a

12

prudential matter, even though section 7105(d)(3) is not properly termed jurisdictional. *See Eberhart v. United States*, 546 U.S. 12, 19 (2005) ("[C]laim-processing rules thus assure relief to a party properly raising them, but do not compel the same result if the party forfeits [or waives] them."); *Roy*, 5 Vet.App. at 556 (affirming Board decision to dismiss appeal as untimely where veteran did not file timely Substantive Appeal and VA did not waive timely filing requirement); *cf.* U.S. VET. APP. R. 3(a) (providing that "[f]ailure of an appellant to take any step under these rules . . . does not affect the validity of the appeal, but may be grounds for . . . dismissal of the appeal"); U.S. VET. APP. R. 1(b) (providing that Rule 3(a) does not "limit the jurisdiction of the Court as established by law"). Because the Secretary's use of the word "jurisdictional" in 38 C.F.R. § 20.101(c) and (d) is not necessarily contrary to section 7105(d)(3), we need not overrule those regulations. We note, however, that the Supreme Court has recently stated that "[c]larity would be facilitated" if the label "jurisdictional" was used "not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction)" falling within a tribunal's competence to adjudicate. *Kontrick*, 540 U.S. at 455. As this Court holds that section 7105(d)(3) clearly does not delineate the Board's subject-matter or personal jurisdiction, the Secretary may wish to consider amending the language of his regulations in order to comport with the Supreme Court's call for clarity.

## C. Application of Law to Facts

Having held that an untimely Substantive Appeal does not bar the Board's exercise of jurisdiction over a matter, we now apply that holding to the facts of this case. The appellant here timely filed a Substantive Appeal with respect to the issue of the effective date for his suprapubic disability in September 1999, but did not file any document that the Board construed as a Substantive Appeal with respect to the issue of the disability rating for that disability until October 1999, more than 60 days after the RO issued an SOC. R. at 49, 54. However, for the following five and a half years, until the Board sent its February 2005 letter to the appellant advising him that his Substantive Appeal with respect to the disability rating issue might be defective, VA consistently treated this matter as if it was part of the timely filed Substantive Appeal. The RO certified that matter to the Board for adjudication as part of the Substantive Appeal, and the Board member who rendered the decision on appeal acknowledged that the

matter was on appeal and took the appellant's testimony on that matter in the May 2003 Travel Board hearing. R. at 60; Supp. at 1-17.

We hold that, by treating the disability rating matter as if it were part of his timely filed Substantive Appeal for more than five years, VA waived any objections it might have had to the timeliness of filing.[4] *See Gomez*, *Gonzalez-Morales*, *Beyrle*, and *Rowell*, all *supra*. "The VA disability compensation system is not meant to be a trap for the unwary, or a stratagem to deny compensation to a veteran who has a decent claim." *Comer v. Peake*, 552 F.3d 1362, 1369 (Fed. Cir. 2009). It is clear to the Court that Congress intended section 7105(d)(3) as an aid to orderly process and the achievement of finality while retaining the veteran-friendly aspects of the VA claims processing system. *Cf. Robinson v. Shinseki*, __ F.3d __, __, No. 2008-7095 (Fed. Cir. Feb. 25, 2009) (explaining that VA's regulations oblige VA to read a veteran's filings liberally). It is inconsistent with that congressional intent for VA to treat its procedures as a minefield that the veteran must successfully negotiate in order to obtain the benefits that Congress intended to bestow on behalf of a grateful nation. If VA treats an appeal as if it is timely filed, a veteran is entitled to expect that VA means what it says.

Furthermore, while we recognize VA's legitimate interests in promoting efficiency in the adjudication process, conserving scarce resources, and obtaining repose by disallowing stale claims, we cannot see any prejudice VA might suffer in those regards here. This is not a case where VA acted promptly to close out an appeal due to an untimely Substantive Appeal. Instead, VA engaged in substantive and procedural development, scheduled hearings on the matter, and took testimony on the matter, all *before* it decided to dismiss the matter, or even determined that an issue of the Board's jurisdiction existed. The Secretary has not demonstrated any systemic benefit that would accrue to the VA claims adjudication system by treating the appellant's claim in the way it did.

We must also note a final issue, although it was not briefed by the parties. In addition to determining that the appellant failed to file a timely Substantive Appeal as to the disability rating matter, the Board also determined that the appellant never filed an "adequate" Substantive

---

[4] We note that both the appellant and the Secretary have identified the appellant's potential relief as hinging upon the availability of equitable tolling. *See* App. Supp. Mem. at 4; Sec'y Supp. Mem. at 7-8. Equitable tolling is not, however, implicated in this case. Properly at issue in this case is whether VA waived the requirement that the appellant timely file his Substantive Appeal with respect to the increased disability rating matter.

Appeal as to that matter. R. at 7. Because we have found that VA waived any objection to the timeliness of the appellant's Substantive Appeal, this issue is easily resolved. The appellant has, on several occasions, indicated that he sought the Board's review of the disability rating matter. As noted above, the Court has held that, as with the timeliness of a Substantive Appeal, in determining the adequacy of a Substantive Appeal, "the Board's use of a jurisdictional, i.e., nondiscretionary, analysis [is] not appropriate," and that VA may waive "any . . . pleading requirements on the part of the appellant." *Gomez*, 17 Vet.App. at 372-73. In *Gomez*, although the veteran's Substantive Appeal did not allege *any* error of fact or law in the RO decision at issue, after the 60-day period set out in section 7105 had run, he presented arguments as to asserted errors in that RO decision. *Id.* at 373. The Court held that VA had waived any objection it might have had to the adequacy of the veteran's Substantive Appeal. *Id.* This case compels the same result. Because VA treated the disability rating matter as adequately appealed for more than five years, VA waived any objection it might have had to the content of that appeal.

Furthermore, since its inception, this Court has consistently held that there is "nothing magic about the statements actually on the Substantive Appeal form, given the VA's nonadversarial process." *EF v. Derwinski*, 1 Vet.App. 324, 326 (1991). Accordingly, "the Board is required to address all claims reasonably raised in the appellant's [S]ubstantive [A]ppeal *and in all of his documents and oral testimony submitted prior to the Board's decision*." *Solomon v. Brown*, 6 Vet.App. 396, 402 (1994) (emphasis added) (citing *Myers v. Derwinski*, 1 Vet.App. 127, 130 (1991), and *EF*, 1 Vet.App. at 326); *see also Comer*, 552 F.3d at 1368-69; *Isenbart v. Brown*, 7 Vet.App. 537, 541 (1995); *Douglas v. Derwinski*, 2 Vet.App. 435, 439 (1992) (en banc). The appellant here filed a Substantive Appeal within 60 days of the SOC and, after filing the September 1999 Substantive Appeal, clearly indicated that he sought the Board's review of the disability rating matter. The Board need hardly have applied a liberal reading of his filings and statements before the Board in order to determine that the appellant sought the

Board's review of that matter. We therefore hold that the Board erred as a matter of law by determining that it lacked jurisdiction over the increased disability rating matter.[5]

### III. CONCLUSION

Based on the foregoing analysis and a review of the record on appeal, the Board's July 14, 2005, decision is REVERSED to the extent that it determined that it lacked jurisdiction to entertain the appellant's appeal of the disability rating assigned for his suprapubic disability, and the matter is REMANDED for further adjudication consistent with this decision. On remand, the appellant is free to submit additional evidence and argument on the remanded matter, which the Board must consider when readjudicating his claim. *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002); *Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order). The Board must provide expeditious treatment of this matter on remand. *See* 38 U.S.C. § 7112.

---

[5] As VA clearly waived any possible asserted defect in timeliness of the appellant's identification of the disability rating issue, the Court finds it unnecessary to address the issue of whether the disability rating issue was sufficiently raised in the originally filed Form 9. However, as the Court previously has observed, VA has a well-recognized obligation to liberally read such submissions as part of its pro-veteran, non-adversarial process. *See Comer*, *supra*. The Board's consideration of evidence is not limited to that which supports only legal issues raised in the Substantive Appeal, but all matters reasonably raised prior to the Board's decision. *Solomon*; *Douglas*; *EF*; and *Myers*, all *supra*. These precedents, taken together, caution VA against a hyper-technical analysis of the issue content of any Substantive Appeal filed in connection with any appealed claim.