LANCE, Judge,
concurring:
Given the number of cases involving misfiling of Notices of Appeal (NOAs) seen by this Court and referenced by my colleague in his separate statement, it is clear that there exists a problem requiring a solution. While there is no evidence of intentional delay by employees of the Secretary, the perception can easily develop that VA can defeat the jurisdiction of this Court by merely “running out the clock” on the veteran in cases of misfiled NOAs. That is unacceptable. The perception will persist until such time as the Secretary develops uniform practices and procedures dealing with misfiled NOAs. The frequency of the problem would suggest that there may be confusion in instructions given to veterans. Of course, the Secretary, if he elects, can merely return the misfiled NOAs within a reasonable amount of time and advise veterans to perfect their appeal in a timely manner with instructions as to where to send their NOA. This procedure, if used in a consistent manner and properly documented, would become the business practice of the Secretary and the resultant time lost in the process would be the responsibility of the veteran and not attributable to the Secretary. Anything less might well continue to taint, by perception if not by practice, both the Secretary’s duty to assist and the appellate process of this Court. Cf. ABA Model Code of Judicial Conduct Preamble ¶ 2 (2007) (“[Judges] should aspire at all times to conduct that ensures the greatest possible public confidence in their independence, impartiality, integrity, and competence.”).
In the appropriate circumstance, the Court may well construe any misfiling of an NOA without appropriate and timely corrective action by the Secretary as a request for reconsideration by the Board, which will merely add additional burdens to a burdened system. In the past, the Court has held that the Secretary’s actions can result in a waiver of the technical requirements associated with filing a Substantive Appeal. See Gonzalez-Morales v. Principi, 16 Vet.App. 556, 557 (2003); Roy v. Brown, 5 Vet.App. 554, 556 (1993) (noting that in Rowell v. Principi, 4 Vet.App. 9 (1993), there was an implicit waiver by the Secretary of the Substantive Appeal requirement). It seems reasonable that the logic applied in the Court’s Substantive Appeal cases would also apply to the technical requirements associated with filing a motion for reconsideration.
*415 Ultimately, it is the Secretary’s charge to develop those methods and practices necessary to discharge his obligations, but it is this Court’s obligation to ensure that rights and protections given to veterans by Congress and a grateful citizenry are effectuated in the spirit as well as letter of the law.