Citation Nr: 1717656 
Decision Date: 05/22/17 Archive Date: 06/05/17

DOCKET NO. 04-24 624A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Buffalo, New York


THE ISSUES

1. Entitlement to service connection for pes planus (flat feet). 

2. Entitlement to an initial rating for right knee patellofemoral syndrome with complex regional pain syndrome of the lower extremity in excess of 20 percent from July 3, 2001 to September 15, 2010 and from December 1, 2010 to November 20, 2012, and in excess of 30 percent from November 20, 2012 forward. 

3. Entitlement to an initial rating for left knee patellofemoral syndrome with complex regional pain syndrome of the lower extremity in excess of 10 percent from July 3, 2001 to May 3, 2004 and in excess of 20 percent from May 3, 2004 to September 15, 2010 and from December 1, 2010 forward.

4. Entitlement to total disability compensation based on individual unemployability (TDIU), to include on an extraschedular basis, prior to September 23, 2005. 

5. Entitlement to special monthly compensation (SMC) on account of the need for aid and attendance or being housebound.


REPRESENTATION

Veteran represented by: Vietnam Veterans of America


ATTORNEY FOR THE BOARD

J. L. Prichard, Counsel


INTRODUCTION

The Veteran served on active duty from January to May 1989 and from November 1989 to May 1992.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from February 2002, July 2009, and May 2011 rating decisions issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Buffalo, New York. The February 2002 decision granted service connection for the left and right knee disabilities and assigned 10 percent ratings effective July 3, 2001. A Board decision from September 2005 denied increased ratings for the knees. The Veteran appealed the denial and in November 2007; the United States Court of Appeals for Veterans' Claims (Court) remanded the case to the Board. The Board has also remanded the issues multiple times. 

The May 2011 rating decision denied entitlement to service connection for pes planus. Although the Veteran did not submit a timely substantive appeal after the statement of the case, the RO certified this issue to the Board. Under these circumstances, the Board has determined that it is appropriate to adjudicate the issue. Percy v. Shinseki, 23 Vet. App. 37(2009).

These issues were previously before the Board in December 2014, at which time the Board granted entitlement to TDIU from September 23, 2005. The remaining issues were remanded for further development, as was the issue of entitlement to TDIU on an extraschedular basis prior to September 23, 2005. These issues were returned to the Board in July 2015, at which time it was determined that none of the development requested in the December 2014 remand had been completed. Therefore, the issues were remanded again to complete the previously requested development. They have now been returned for further appellate review. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

Regrettably, for reasons that will be enumerated below, this appeal must once again be REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The December 2014 and July 2015 remands requested that the Veteran be afforded a new VA examination of her service connected knee disabilities. This was accomplished in September 2015. 

However, since the September 2015 VA examination was completed, a decision of the Court interpreted 38 C.F.R. § 4.59 (2016) as requiring examinations to include joint testing in both active and passive motion, in weight-bearing and non weight-bearing, and, when possible, of the opposite joint. See Correia v. McDonald, 28 Vet. App. 158, 169-70 (2016). The September 2015 VA examination does not include the passive range of motion, and this is not found elsewhere in the evidence. Therefore, the Board has no choice but to request that the Veteran once again be scheduled for a new VA examination of her service connected knee disabilities. 

The July 2015 remand also requested that an opinion be obtained as to whether or not the Veteran's pes planus had been aggravated by her service connected knee disabilities. The initial opinion was obtained in September 2015, and a follow-up opinion was obtained in April 2016. See 9/29/2015 VBMS, C&P Exam, p. 2, and 4/18/2016 VBMS, C&P Exam, p. 3. Both opinions state that "Records from CPRS (consults from podiatry) also do not show/document any worsening of the condition. Orthotics were attempted but as a means help her chronic knee pain, not her foot pain." 

Unfortunately, neither the Board nor the Court has access to the VA's Computerized Patient Record System (CPRS). The Veteran's electronic record, VBMS and Virtual VA, has been reviewed. These contain only a single January 26, 2011 podiatry note, in which the Veteran was seen for follow-up of orthosis. The reason she had been given orthotics was not reported. 1/26/2011 VBMS, Medical Treatment Record - Government Facility, p. 22. The references to multiple "consults," as well as the explanation that orthotics were due to knee pain raise the possibility that these two opinions were based medical records not included in the record. An attempt must be made to obtain any such records. 

The Board notes that the appeal period for the Veteran's initial evaluation for her service connected knee disabilities predate the September 23, 2005 award of TDIU. Although she does not yet meet the schedular criteria prior to September 23, 2005, it remains possible that she will meet it. Issues which are inextricably intertwined must be considered together. Harris v. Derwinski, 1 Vet. App. 180, 183 (1991). Therefore, further consideration of TDIU on both a scheduler and extraschedular basis is deferred. 

Similarly, the issue of entitlement to SMC on account of the need for aid and attendance or being housebound is inextricably intertwined with the initial rating and service connection issues. A decision on this issue remains deferred. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain the records of any and all VA podiatry consultations dating from January 2011 to the present from CPRS and place them in the electronic record (VBMS and/or Virtual VA). If no such records exist, this must be stated in a formal finding and placed in the record. 

2. Schedule the Veteran for a VA medical examination of her knee disabilities for the purpose of determining their current nature and severity. Any necessary tests or studies should be conducted and all findings should be reported in detail. This should include range of motion testing in active and passive motion, of the opposite side, and while weight-bearing and non weight-bearing. All range of motions relating to the knees should be recorded. Additional functional loss due to pain, weakness, incoordination or fatigability following repetitive use should be noted in terms of degrees. The presence or absence of flare-ups should be noted, as should any additional functional loss produced during flares. The Veteran's descriptions of her flare-ups must be addressed. 

If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why that is so. The examination report must state whether or not testing was conducted during a flare-up. If not conducted during a flare-up, and if flare-up conditions cannot safely be reproduced, the examiner must estimate the additional functional limitation, in terms of lost degrees of motion, during flares. If this cannot be determined, the examiner must explain why this is so. The examiner must provide a comprehensive rationale with reference to relevant medical findings for all opinions expressed.

3. If, and only if, service connection is granted for the Veteran's pes planus, schedule her for another examination to assess her current need for aid and attendance. The examiner should be qualified to give an opinion based on all the Veteran's service-connected disabilities. The examiner should provide answers to the following:

Do the Veteran's service connected disabilities render her unable to or in need of assistance to dress or undress herself, keep herself ordinarily clean and presentable, feed herself, attend to the wants of nature, or protect herself from the hazards or dangers incident to her daily environment? 

If an opinion cannot be offered without resort to speculation, Court cases require the examiner state whether the inability is due to the lack of scientific, medical knowledge or evidence.

4. If any benefit sought on appeal remains denied, issue a supplemental statement of the case. Then return the case to the Board, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).


 (CONTINUED ON NEXT PAGE)



This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
ERIC S. LEBOFF
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).