Citation Nr: 1725254 
Decision Date: 06/16/17 Archive Date: 07/17/17

DOCKET NO. 08-25 673 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Fort Harrison, Montana


THE ISSUES

1. Entitlement to a rating in excess of 10 percent for lumbar spine degenerative disc disease (DDD).

2. Entitlement to a total disability rating based on individual unemployability (TDIU).


REPRESENTATION

Veteran represented by: The American Legion


WITNESSES AT HEARING ON APPEAL

The Veteran and her mother


ATTORNEY FOR THE BOARD

EM Lederman, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the United States Marine Corps from January 1993 to October 1996 and in the United States Army from June 1998 to July 2004. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from a November 2007 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California. The RO in Fort Harrison, Montana, certified the appeal to the Board. The Veteran testified before the undersigned at a Travel Board Hearing in August 2009. A transcript of the hearing is of record.

In March 2014, the Board awarded service connection for fibromyalgia and cervical lordosis and remanded the issues listed on the title page for additional development. In a December 2015 rating decision, the Agency of Original Jurisdiction (AOJ) implemented the Board's award of service connection for fibromyalgia and cervical lordosis. For reasons unexplained, in a July 2016 Supplemental Statement of the Case (SSOC), the AOJ readjudicated the issues on appeal as listed on the title page, along with the issues of entitlement increased initial ratings for fibromyalgia and cervical lordosis. The Board finds that this is not a situation in which it must accept jurisdiction over the increased rating claims for fibromyalgia and cervical lordosis erroneously listed on the SSOC, as there was no timely Notice of Disagreement (NOD) (VA Form 21-0958) in response to the December 2015 rating decision awarding service connection for those benefits. The absence of a NOD is a jurisdictional bar to the Board accepting jurisdiction over those issues. See Percy v. Shinseki, 23 Vet. App. 37 (2009). 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.
REMAND

The February 2016 VA examination provided in response to the Board's March 2014 remand is inadequate, inasmuch as the examiner failed to provide range of motion findings in active motion, passive motion, weight-bearing, and nonweight-bearing. See 38 C.F.R. § 4.59 (2016); Correia v. McDonald, 28 Vet. App. 158 (2016). Thus, the Board finds that an additional VA examination is needed, along with a retrospective opinion.

The issue of entitlement to a TDIU is inextricably intertwined with the issue remanded herein. Action on this claim is accordingly deferred. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (where a claim is inextricably intertwined with another claim, the claims must be adjudicated together in order to enter a final decision on the matter). Updated VA and private treatment records should also be secured.

Accordingly, the case is REMANDED for the following actions:

1. Obtain all outstanding VA treatment records. 

2. With any necessary assistance from the Veteran, obtain any relevant outstanding private treatment records.

3. Then schedule the Veteran for a VA examination to determine the current nature and severity of her lumbar spine disability. The claims file should be made available to and reviewed by the examiner. Any appropriate diagnostic testing should be conducted and noted in the report. 

Full range of motion testing must be performed where possible. The joints involved should be tested in (1) active motion, (2) passive motion, (3) in weight-bearing, and (4) in nonweight-bearing. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why that is so.

The examiner should also provide an opinion as to lumbar spine range of motion throughout the appeal period (since March 2006) in (1) active motion, (2) passive motion, (3) in weight-bearing, and (4) in nonweight-bearing. If the examiner is unable to provide such an opinion, he or she should clearly explain why that is so.

4. Then, after taking any additional development deemed necessary, readjudicate the issues appeal, to include the Veteran's entitlement to separate ratings for any neurological disability associated with the lumbar spine disability and entitlement to a TDIU. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
S. BUSH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2016).