﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/30/19

DOCKET NO. 190304-5441
DATE: December 31, 2019

ORDER

Service connection for tinnitus is dismissed.

Service connection for prostate cancer is dismissed.

Service connection for an erectile dysfunction, to include as secondary to prostate cancer, is dismissed.

FINDINGS OF FACT

1. The Veteran did not properly appeal his claim for service connection for tinnitus, because he did not use the required form specified by VA.

2. The Veteran did not properly appeal his claim for service connection for prostate cancer, because he did not use the required form specified by VA.

3. The Veteran did not properly appeal his claim for service connection for erectile dysfunction, because he did not use the required form specified by VA.

CONCLUSIONS OF LAW

1. There are no questions of fact or law to be decided regarding entitlement to service connection for tinnitus because the Board does not have jurisdiction of this claim. 38 U.S.C. § 7104. 38 U.S.C. § 7105(b)(2), (d)(5); 38 C.F.R. §§ 19.21, 20.201.

2. There are no questions of fact or law to be decided regarding entitlement to service connection for prostate cancer because the Board does not have jurisdiction of this claim. 38 U.S.C. § 7105(b)(2), (d)(5); 38 C.F.R. §§ 19.21, 20.201.

3. There are no questions of fact or law to be decided on the issue of entitlement to service connection for an erectile dysfunction disability, to include as secondary to prostate cancer, because the Board does not have jurisdiction of this claim. 38 U.S.C. § 7105(b)(2), (d)(5); 38 C.F.R. §§ 19.21, 20.201.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from May 1970 to May 1974. This matter comes to the Board of Veterans Appeals (Board) as an attempt to appeal a November 2017 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

Legal Criteria:

There are specific legal criteria that a Veteran must follow to appeal a denial of benefits. These are set forth in the letter that notifies a Veteran that a claim has been denied. They include the following information:

“Standard form required. The Board will not accept as a Notice of Disagreement an expression of dissatisfaction or disagreement with an adjudicative determination by the agency of original jurisdiction and a desire to contest the result that is submitted in any format other than the form prescribed by the Secretary, including on a different VA form.” 38 C.F.R. § 20.202 (d).

“Format. For every case in which the agency of original jurisdiction (AOJ) provides, in connection with its decision, a form for the purpose of initiating an appeal, a Notice of Disagreement consists of a completed and timely submitted copy of that form. VA will not accept as a notice of disagreement an expression of dissatisfaction or disagreement with an adjudicative determination by the agency of original jurisdiction and a desire to contest the result that is submitted in any other format, including on a different VA form.” 38 C.F.R. § 19.21 (a) (1).

“Alternate form or other communication. The filing of an alternate form or other communication will not extend, toll, or otherwise delay the time limit for filing a Notice of Disagreement, as provided in §19.52(a). In particular, returning the incorrect VA form, including a form designed to appeal a different benefit does not extend, toll, or otherwise delay the time limit for filing the correct form.” 38 C.F.R. § 19.21 (a) (5). 

Factual Background:

The Veteran originally applied for the above benefits on June 22, 2016. See April 2016 VA Form 21-526EZ. In April 2017, the Department of Veterans Affairs (VA) Regional Office (RO) denied the claims. See April 2017 Rating Decision. In September 2017, the Veteran requested the claims of tinnitus, prostate cancer, and erectile dysfunction be reconsidered. See September 2017 Statement of Case. In July 2017, the VA RO continued the previous denial of those claims. See July 2017 Rating Decision. In October 2018, The Veteran again applied for service connection for all four claims (bilateral hearing loss, tinnitus, prostate cancer, and erectile dysfunction). See October 2018 VA Form 21-526EZ. 

In November 2018, the VA RO continued the previous denials of all claims. See November 2018 Rating Decision. On November 27, 2018, the VA RO notified the Veteran of its decision to continue the denials and informed him of the necessary actions required by him to appeal this decision, including the need to file a Notice of Disagreement, VA Form 21-0958. See November 27, 2018 Notification Letter. A blank VA Form 21-0958 was provided to the Veteran as an attachment to this letter. 

The Veterans Appeals Improvement and Modernization Act of 2017, Pub. L. No. 115-55, 131 Stat. 1105 (2017), also known as the Appeals Modernization (AMA), took effect on February 19, 2019. A new form titled, Decision Review Request: Board Appeal (Notice of Disagreement) VA Form 10182 was created for AMA cases. The first instruction on the top of the instruction page of VA Form 10182 (located on page 2) reads “NOTE: Use this form ONLY if you received your VA decision on or after February 19, 2019, and you wish to appeal one or more issues to a Veterans Law Judge at the Board of Veterans’ Appeals.” (Emphasis added).

In March 2019, VA received the Veteran’s “Decision Review Request: Board Appeal (Notice of Disagreement)” VA Form 10182 which requested a direct review by a Veteran’s Law Judge (the form only identified the claims of tinnitus, prostate cancer, and erectile dysfunction). See March 2019 VA Form 10182.

In May 2019, the Board notified the Veteran his VA From 10182 was received and his appeal was placed on the Direct Review Docket. See May 2019 Board letter.

Analysis:

The November 27, 2017 notification letter plainly directed the Veteran to complete and return a VA Form 21-0958. Additionally, a VA Form 4107, “YOUR RIGHTS TO APPEAL OUR DECISION,” was sent with the notification letter and included instructions on how to appeal and specified that a VA Form 21-0958 was required. Finally, a VA Form 21-0958 was also included as an attachment to the notification letter.

Per 38 C.F.R. § 20.202 (d), the Board cannot accept any other form than the form specified by the Secretary. Further, because the Veteran was provided a VA form 21-0958 in connection with the November 2017 rating decision (both were provided and explained by the November 27, 2017 notification letter), the Veteran’s only legally recognized method of submitting a notice of disagreement “consist[ed] of a completed and timely submitted copy of that form [and] VA will not accept as a notice of disagreement an expression of dissatisfaction or disagreement . . . and a desire to contest the result that is submitted in any other format, including on a different VA form.” See 38 C.F.R. § 19.21 (a) (1). Thus, the VA Form 10182 provided by the Veteran in an attempt to appeal the November 2017 rating decision cannot be accepted by the Board as a notice of disagreement.

Furthermore, because the March 2019 VA form 10182 was sent in response to a rating decision prior to February 19, 2019 (contradicting to the instructions of the VA Form 10182 as described above), VA also cannot accept the Veteran’s claims under the new AMA appeal process because the November 2017 rating decision predated the AMA’s legally recognized promulgation date (i.e. February 19, 2019). Additionally, the Veteran’s claims cannot be accepted in the AMA pilot program, Rapid Appeals Modernization Program (RAMP), because the RAMP program has concluded and also required specific opt-in criteria before it concluded.

A claimant or his/her representative must file a properly completed notice of disagreement with a RO decision within one year of the date the RO mailed notice of that rating decision. 38 C.F.R. § 20.203. If a notification of disagreement is not filed within the one-year time period, the RO decision becomes final. 38 U.S.C. § 7105; 38 C.F.R. § 20.1103. Additionally, the Board cannot receive jurisdiction of the claims. Cf. 38 U.S.C. § 7105 (c). The absence of a notice of disagreement is a jurisdictional bar to appellate consideration, and this issue may not be waived. Cf. Percy v. Shinseki, 23 Vet. App. 37, 41 (2009). 

TO THE VETERAN: The Board sincerely regrets that a more favorable outcome could not be reached. Unfortunately, jurisdictional matters are based on rigid laws that preclude the Board’s exercise of discretion. This decision does not leave the Veteran without recourse. He may appeal this decision to the U.S. Court of Appeals for Veterans Claims (Veterans Court) or apply to have these claims readjudicated by submitting new and relevant evidence. Please note that because this is a dismissal of claims and more than one year has passed since the November 2017 rating decision, an application to readjudicate the claims will likely result in a new and later effective date than an appeal to Veterans Court. 

[CONTINUED ON NEXT PAGE]

Because the proper VA form 21-0958 was not filed, the Board does not have jurisdiction over these issues and cannot decide the Veteran’s claims. Accordingly, the Board must dismiss these claims.

 

 

VICTORIA MOSHIASHWILI

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board David Arritt, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.