Citation Nr: 1522717 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 13-28 145A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUES

1. Entitlement to service connection for degenerative disc disease of the lumbar spine.

2. Entitlement to service connection for a disability manifested by pain and numbness of the left lower extremity.

3. Entitlement to service connection for a disability manifested by pain and numbness of the right lower extremity.

4. Whether new and material evidence has been submitted to reopen a claim for service connection for a right foot disability (also claimed as ganglion cyst).

5. Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU). 




REPRESENTATION

Appellant represented by: Robert M. Norris, III, Attorney


ATTORNEY FOR THE BOARD

Joseph R. Keselyak, Counsel


INTRODUCTION

The Veteran had active service from February 1981 to February 1984.

This case comes before the Board of Veterans' Appeals (Board) on appeal of a June 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama. The RO denied service connection for right and left shoulder disabilities, lumbar spine degenerative disc disease, disabilities of the lower extremities manifested by pain and numbness, and depression. The RO also determined that new and material evidence had not been submitted to reopen a claim for service connection for a right foot disability (also claimed as ganglion cyst) and denied TDIU. The representative submitted a notice of disagreement (NOD) on a VA Form 21-4138 which indicated that the NOD covered all issues addressed in the rating decision except for those which he specifically stated he did not want to appeal. Although a cover letter only listed the service connection issues, the attached notice of disagreement made clear that he wished to appeal all issues unless specifically excepted from appeal. As the notice of disagreement itself did not specifically except any issues from appeal, all issues should have been addressed in the SOC. Accordingly, issues 4 and 5 must be remanded pursuant to Manlincon v. West, 12 Vet. App. 238 (1999). When an NOD has been filed with regard to an issue, and an SOC has not been issued, the appropriate Board action is to remand the issue to the agency of original jurisdiction for issuance of an SOC. Id. Thus a remand is required for issuance of an SOC and to provide the Veteran the opportunity to perfect an appeal. 38 U.S.C.A. § 7105; 38 C.F.R. § 19.26; see Manlincon v. West, 12 Vet. App. 238 (1999).

The SOC covered the six claims for service connection. However, in the Veteran's Substantive Appeal (VA Form 9) he checked Box 9B and indicated that he was only appealing the issues pertaining to lumbar degenerative disc diseae and bilateral lower extremity pain and numbness. At no time since has VA treated the other service connection issues as being on appeal. See Percy v. Shinseki, 23 Vet. App. 37, 44 (2009). As such, the issues pertaining to service connection for the shoulders and depression are not before the Board. 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

The Veteran attributes currently assessed disability of the low back to service. He notes that his service as Unit Supply Specialist required the frequent lifting of heavy items, as well as manual labor. His service records note a single instance of muscular low back pain in March 1981. The Veteran relates that despite the lack of clinical notation, he did in fact visit sick call a number of times while stationed in Germany. 

The record discloses clinical assessment of low back pain status-post trauma in April 1997, with disc herniations suspected at all three lower lumbar levels of the spine. A June 1997 clinical record reflects a provided history of no specific injury, but that the Veteran reported that he had hurt his back on several occasions with lifting and falling episodes, with no specific dates provided. Severe degenerative disc disease was noted in January 1998. 

After the late 1990s, the record is largely clinically silent until around 2003, with degenerative changes of the lumbar spine noted. Notably, an August 2006 record discloses a history of the Veteran having settled a Workers' Compensation Claim. A review of the record does not disclose the presence of any records related to any Worker's Compensation claim. Upon remand, VA should ask that the Veteran provide or authorize the release of any additional records which pertain to the lumbar spine disability. See 38 C.F.R. § 3.159(c)(1) (2014).

In light of the development directed above, and giving due notice to the fact that the threshold for determining a possibility of a nexus to service is a low one, the Veteran should be afforded a VA examination to address his claims. McLendon v. Nicholson, 20 Vet. App. 79 (2006). It is improper to weigh the evidence prior to determining if examination is warranted; the sole determination made as this stage relates to competence.

Accordingly, the case is REMANDED for the following action:

1. Request that the Veteran provide or identify any outstanding records that pertain to his low back disability with secondary bilateral lower extremity disability, including any Workers Compensation records. After securing any necessary release(s) from the Veteran the AOJ should attempt to obtain identified records.

 Documentation of the results of any efforts, if negative, should be associated with the claims file. Any negative search results should be noted in the record and communicated to the Veteran pursuant to 38 C.F.R. § 3.159(e).

2. Thereafter, schedule the Veteran for an appropriate VA examination for the purpose of ascertaining the current nature and likely etiology of his lumbar spine disability, as well as any disability of the bilateral lower extremities manifested by pain and numbness. The examiner should obtain a complete, pertinent history from the Veteran and review the claims file in conjunction with the examination, giving particular attention to his service treatment records, lay assertions, and the pertinent medical evidence. The claims folder must be made available for review in conjunction with the opinion.

(a) Based upon the examination and a review of the record, the examiner should provide an opinion as to whether it is at least as likely as not (a 50 percent probability or greater) that a lumbar spine disability with a disability manifested by pain and numbness of the lower extremities is attributable to service. Attention is directed towards the Veteran's complaints of back pain from lifting and manual labor during his service as a Unit Supply Specialist. 

(b) Any neurological abnormalities resulting from the low back disability should be discussed. Specifically, is it at least as likely as not (a 50 percent probability or greater) that a disability manifested by pain and numbness of the lower extremities is due to the lumbar spine disability.

(c) Also, is it at least as likely as not (a 50 percent probability or greater) that a disability manifested by pain and numbness of the lower extremities is aggravated (worsened) beyond the normal progress due to the lumbar spine disability. If aggravation is found, the examiner should address the following medical issues: (1) the baseline manifestations of the Veteran's bilateral lower extremity disorders found prior to aggravation; and (2) the increased manifestations which, in the examiner's opinion, are proximately due to the lumbar spine disability.



Any and all opinions must be accompanied by a complete rationale. If the examiner is unable to reach an opinion without resort to speculation, he or she should explain the reasons for this inability and comment on whether any further tests, evidence or information would be useful in rendering an opinion.

The examiner is informed that the term "at least as likely as not" does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a certain conclusion is so evenly divided that it is as medically sound to find in favor of such a conclusion as it is to find against it.

3. After the development requested above has been completed to the extent possible, the AOJ should again review the record and readjudicate the claims on appeal. If any benefit sought on appeal remains denied, the appellant and his attorney should be furnished a Supplemental Statement of the Case and given the opportunity to respond thereto before this case is returned to the Board.

4. Issue a statement of the case as to whether new and material evidence was submitted to reopen a claim for service connection for a right foot disability (also claimed as ganglion cyst) and entitlement to TDIU. Advise the Veteran and his representative of the procedural requirements to perfect an appeal as to these issues.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
S. S. TOTH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).