Citation Nr: 1550132 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 09-38 319 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUES

1. Entitlement to service connection for a disability of the toes of the right foot.

2. Entitlement to service connection for a disability of the toes of the left foot.

3. Entitlement to service connection for a disability of the right hand.

4. Entitlement to an initial disability evaluation in excess of 10 percent for a lumbar spine disability.

5. Entitlement to an initial disability evaluation in excess of 10 percent for a cervical spine disability, diagnosed as torticollis and trapezius spasm.

6. Entitlement to an initial compensable disability evaluation for right knee patellofemoral syndrome (PFPS), prior to February 26, 2013.

7. Entitlement to an initial disability evaluation in excess of 10 percent for right knee PFPS, since February 26, 2013.

8. Entitlement to an initial compensable disability evaluation for left knee patellofemoral syndrome (PFPS), prior to February 26, 2013.

9. Entitlement to an initial disability evaluation in excess of 10 percent for left knee PFPS, since February 26, 2013.

10. Entitlement to special monthly compensation (SMC) based on a need for the regular aid and attendance of another (A&A).

11. Entitlement to an initial evaluation in excess of 10 percent for residuals of a traumatic brain injury (TBI) prior to March 15, 2013, and in excess of 40 percent thereafter.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

W. H. Donnelly, Counsel


INTRODUCTION

The Veteran served on active duty with the United States Army from July 2001 to June 2005.

These matters come before the Board of Veterans' Appeals (Board) on appeal from March 2006, November 2006, September 2007, April 2008 and March 2014 rating decisions by Regional Offices (ROs) of the United States Department of Veterans Affairs (VA).

The RO granted service connection for lumbar and cervical spine disabilities in March 2006, and assigned initial 10 percent evaluations for each; the RO also denied service connection for left and right knee disabilities. In November 2006, the RO denied service connection for a right hand disability. The Veteran filed a March 2007 notice of disagreement (NOD) with these decisions, and in September 2007 the RO issued a statement of the case with regard to the spine and hand issues. The RO also granted service connection for noncompensable left and right knee disabilities by way of the September 2007 rating decision. 

A few days later, the RO received a communication from the Veteran referencing each of these matters; although the RO considered this to be a new claim for increased ratings, or to reopen the previously denied right hand claim, the Board finds that such must be accepted as a substantive appeal with regard to the spine and hand claims, and as an NOD with regard to the knees. Accordingly, the evaluation claims are considered to be on appeal from the initially assigned evaluations in March 2006 and September 2007, covering the entirety of the appeal period, from the day following service separation to the present. As for the right hand, the initial denial never became final due to the timely filing of an NOD, and the issue is recharacterized to reflect such; no new and material evidence is required for reopening.

Service connection for disabilities of the toes of the left and right feet was denied in the April 2008 decision. Further, during the processing of the appeal, the RO in March 2014 granted increased 10 percent evaluations for left and right knee disabilities, effective February 26, 2013. The Veteran has clearly expressed his desire to continue the appeal for a higher evaluation for both rating stages. The March 2014 decision also included a grant of an increased 40 percent rating for residuals of TBI.

The Veteran testified at a hearing held before the undersigned at the Board's Washington, DC, offices in July 2014. A transcript of the hearing is associated with the record. In December 2014, the Board remanded the Veterans claims for further development. At that time, the Board referred a claim of entitlement to SMC based on A&A to the RO, which was raised at the July 2014 hearing. Upon further review, however, the Board has determined that the SMC claim is part and parcel of the claims for increase, and hence is part of the current appeal. See Akles v. Derwinski, 1 Vet. App 118 (1991).

The Veteran's file has been scanned, and converted from a hybrid paper and electronic file to a purely electronic file. The Board has reviewed the records and documents maintained in Virtual VA (VVA) and the Veterans Benefits Management System (VBMS) to ensure consideration of the totality of the evidence. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Further remand is required to secure full compliance with VA's duty to assist the Veteran in substantiating his claims. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159.

Toes

Although service treatment records reveal no complaints of or treatment related to any injury or problems with the toes, the Veteran has alleged that he sustained generalized foot injuries as a paratrooper. Current records do show painful calluses of the toes, and he is service-connected for bilateral pes planus. In light of current disabilities, evidence of a potential injury in service, and a possible link, whether direct or secondary, between them, examination is required. McLendon v. Nicholson, 20 Vet. App. 79 (2006).

Right Hand

The Veteran has previously alleged that his right hand neurological problems are related to damage from carrying a heavy rucksack on his shoulder. This allegation has been considered by examiners. More recently, however, he has alleged a cold injury while serving in Korea, stating that he was unable to wear adequate covering on the hand because he needed to be able to operate his weapon.

While records do show his presence in Korea in the spring of 2005, it is not clear when he arrived there, or how long he was present. Complete service personnel records, which will inform a determination on the likelihood of his exposure to cold weather, are necessary for adjudication.

Increased Evaluations for Back, Neck, and Knees

In December 2014, the Board directed that complete and updated VA treatment records be obtained from a variety of VA facilities the Veteran had reported visiting. The AOJ properly requested and received older records from each of the locations queried. However, it does not appear that any effort was made to get current records; requests were retrospective in nature.

The Veteran has submitted records indicating ongoing treatment at a Northern Virginia VA outpatient clinic, through January 2015. He also indicated at his hearing that he was still under treatment for his claimed conditions, and had discussed steps such as bed rest with doctors. 

The duty to assist requires that VA make all necessary efforts to obtain relevant records in the possession of a Federal agency. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. Further, VA records are considered to be constructively of record and VA is charged with knowledge of their contents. Bell v. Derwinski, 2 Vet. App. 611 (1992) (VA medical records are in constructive possession of the agency, and must be obtained if the material could be determinative of the claim). On remand, complete and updated records from the Fort Belvoir/Alexandria community based outpatient clinic (CBOC) must be requested.

Further, in light of the indications of worsening and the passage of time since the most recent examinations, updated findings are advisable, and hence new examinations should be scheduled.

SMC

The Court of Appeals for Veterans Claims (CAVC or the Court) has held that a claim for increased rating includes a claim for SMC when the criteria for such are raised. Akles v. Derwinski, 1 Vet. App 118 (1991). At the July 2014 hearing, the Veteran discussed how his orthopedic disabilities prevented him from independently performing many activities of daily living. He specifically, through his representative, raised the issue of entitlement to A&A based on such.

The Board previously referred this claim to the AOJ because it appeared that no single disability was being assigned responsibility for the impairment. Upon further review, however, the Board has determined that, consistent with Akles, supra, remand, and not referral, is the appropriate avenue for this inferred claim.

Because SMC entitlement is dependent upon consideration of the impact of service-connected disabilities on daily functioning, and eligibility requires specific disability ratings, the claim is intertwined with the pending appeals. Harris v. Derwinski, 1 Vet. App. 180 (1991) (two issues are "inextricably intertwined" when they are so closely tied together that a final Board decision on one issue cannot be rendered until the other issue has been considered).

TBI

In a February 2009 decision, the RO granted service connection for TBI, manifested as headaches, and assigned an initial 10 percent evaluation. Service connection for sleep apnea was also denied. The Veteran appealed the denial of service connection as well as the rating for TBI. The rating for TBI was increased to 40 percent in a March 2014 rating decision, effective from March 15, 2013.

That same month a statement of the case (SOC) was issued with regard to the issues of service connection for sleep apnea and evaluation of TBI. The Veteran was informed of the need to perfect his appeal by filing a VA Form 9, Appeal to Board of Veterans' Appeals, within 60 days of the date of mailing of the SOC, as more than one year had passed from the initial decision on appeal.

Unfortunately, the Veteran did not file a substantive appeal until August 2014, more than 3 months after the filing deadline. Hence, the appeals were not perfected; VA has taken no action to indicate that those issues remain on appeal, and the Veteran has taken no action indicating that he believes they are active appeals. Therefore, filing of the Form 9 is not waived. Percy v. Shinseki, 23 Vet. App. 37 (2009).

The August 2014 filing did, however, express disagreement with the rating for TBI, and was received within one year of the March 2014 decision granting an increased 40 percent rating for that disability. It may be considered a notice of disagreement to initiate a new appeal. 38 C.F.R. §§ 20.201, 20.302. No action has been taken with respect to such.

When an NOD has been filed with regard to an issue, and an SOC has not been issued, the appropriate Board action is to remand the issue to the agency of original jurisdiction for issuance of an SOC. Manlincon v. West, 12 Vet. App. 238 (1999). Thus a remand is required for issuance of an SOC and to provide the Veteran the opportunity to perfect an appeal. 38 U.S.C.A. § 7105; 38 C.F.R. § 19.26; See Manlincon v. West, 12 Vet. App. 238 (1999).

Accordingly, the case is REMANDED for the following action:

1. Associate with the claims file complete, updated treatment records from the VA medical center in Washington, DC, and all associated clinics, including the Ft. Belvoir and Alexandria, Virginia, CBOCs, for the period of February 2013 to the present. If such records do not exist or are otherwise unavailable, such must be certified in writing and the Veteran properly notified.

2. Request the Veteran's complete service personnel records from the National Personnel Records Center or other appropriate custodian. If such records do not exist or are otherwise unavailable, such must be certified in writing and the Veteran properly notified.

3. Schedule the Veteran for a VA foot examination. The claims folder must be reviewed in conjunction with the examination; if the examiner does not have access to the complete electronic file, relevant documents must be printed and provided for review.

The examiner must identify all current disabilities of the toes of the left and right feet. Arthritis, calluses, or other conditions potentially affecting the toes must be considered. For each diagnosed condition, the examiner must opine as to whether such is at least as likely as not (probability of 50 percent or greater) related to service. 

Also, is any current disability affecting the toes of the right or left foot at least as likely as not due to or caused by the Veteran's service-connected bilateral pes planus.

Finally, is any current disability affecting the toes of the right or left foot at least as likely as not aggravated (worsened) beyond the natural progress by the service-connected bilateral pes planus. 

If aggravation is found, the examiner should address the following medical issues: (1) the baseline manifestations of any disability affecting the toes found prior to aggravation; and (2) the increased manifestations which, in the examiner's opinion, are proximately due to the service-connected bilateral pes planus.

A full and complete rationale is required for all opinions expressed. The examiner is notified that the Veteran made numerous parachute jumps in service, and has worn orthotics for service-connected pes planus. 

4. Schedule the Veteran for a VA spine examination. The examiner must describe in detail all manifestations of the low back and cervical spine disabilities, to include consideration of any associated neurological symptoms. The examiner should comment on the impact of the conditions on daily functioning.

The examiner should provide information as to any functional loss due to pain, weakness, fatigability, incoordination or pain on movement of a joint in accordance with DeLuca v. Brown, 8 Vet. App. 202 (1995), to include any additional limitation of motion due to pain on use or on flare-ups. To the extent possible, the additional range of motion lost due to any of the above should be set forth in the report. If the examiner cannot provide an opinion without resorting to speculation, a complete explanation must be provided.

5. Schedule the Veteran for a VA joints examination. The examiner must describe in detail all manifestations of the left and right knee disabilities. The examiner should comment on the impact of the conditions on daily functioning.

The examiner should provide information as to any functional loss due to pain, weakness, fatigability, incoordination or pain on movement of the knees in accordance with DeLuca v. Brown, 8 Vet. App. 202 (1995), to include any additional limitation of motion due to pain or on flare-ups. To the extent possible, the additional range of motion lost due to any of the above should be set forth in the report. If the examiner cannot provide an opinion without resorting to speculation, a complete explanation must be provided.

6. Issue an SOC regarding the issue of evaluation of TBI. Advise the Veteran of the procedural requirements to continue an appeal of each issue. If a substantive appeal is timely filed with regard to all or any of these matters, the perfected issue should be certified to the Board.

7. Review the claims file to ensure that all of the foregoing requested development is completed, and arrange for any additional development indicated. Then readjudicate the claims on appeal. If any of the benefits sought remain denied, issue an appropriate supplemental statement of the case and provide the Veteran and his representative the requisite period of time to respond. The case should then be returned to the Board for further appellate review, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 


action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
S. S. TOTH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).