http://www.va.gov/vetapp16/Files2/1617310.txt

Citation Nr: 1617310 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 11-15 472 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas

THE ISSUES

1. Entitlement to service connection for residuals of fibroid cysts of the left breast.

2. Entitlement to service connection for right Achilles tendonitis (right ankle disability).

REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States

ATTORNEY FOR THE BOARD

B. Isaacs, Associate Counsel

INTRODUCTION

The Veteran served on active duty from May 1981 to January 1983, April 1990 to July 1990, January 1991 to April 1992 and May 1992 to August 1992. She also served a period of active duty for training (ACDUTRA) with the Marine Reserves, including from June 1978 to September 1978, November 1978 to December 1978 and June 1985 to September 1985.

These matters are before the Board of Veterans' Appeals (Board) on appeal from an April 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

In August 2014, the Board issued a decision granting service connection for "a breast disability," and also remanding reopened claims of service connection for right ankle and migraine headache conditions, for further development. Thereafter, in a September 2015 rating decision, the RO granted service connection and a 50 percent evaluation for migraine headaches. Therefore, service connection for a right ankle disability remains on appeal before the Board. 

The Board notes that the April 2011 rating decision denied both right and left breast fibroid cysts and the May 2011 statement of the case denied service connection for fibroid cysts of the left breast. Thereafter, in the May 2011 substantive appeal, the Veteran indicated she was appealing service connection for fibroid cysts of the left breast and attached a statement related to the condition. The August 2014 Board decision granted service connection for a breast disability, however, did not specify left or right breast. Thereafter, implanting the Board's decision, the RO issued a November 2014 rating decision granting service connection for fibroid cyst of the right breast. Subsequently, the Veteran submitted an additional April 2015 statement indicating the right breast was not on appeal, but the appeal should have been for fibroid cyst of the left breast. Thus, the Board essentially deferred adjudication of service connection for fibroid cysts of the left breast which is currently on appeal, and the Board will take jurisdiction of this issue. See Percy v. Shinseki, 23 Vet. App. 37 (2009).

The issue of entitlement to service connection for breast cancer has been raised by the record in a September 2012 correspondence. Therefore, the Board does not have jurisdiction over the issues, and they are referred to the RO for appropriate action. 38 C.F.R. § 19.9(b) (2015). 

Additionally, in April 2015, the Veteran appeared to disagree with the effective date for the of service connection for the right breast disability. The Board notes that if the Veteran wishes to appeal any aspect of the November 2014 rating decision, she should submit the proper standard notice of disagreement VA form.

FINDINGS OF FACT

1. The Veteran's current residuals of fibroid cysts of the left breast are related to the fibrocystic disease diagnosed and treated in service.

2. The Veteran's right Achilles tendonitis did not have its onset in service and has not been etiologically linked to the Veteran's service or an incident therein.

CONCLUSIONS OF LAW

1. Serviced connection for residuals of fibroid cysts of the left breast is warranted. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2015).

2. The criteria for service connection for a right ankle disability have not been met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Duties to Notify and Assist

VA has a duty to provide notice of the information and evidence necessary to substantiate a claim. 38 U.S.C.A. § 5103(a) (West 2014); 38 C.F.R. § 3.159(b) (2015).

A standard September 2008 letter satisfied the duty to notify provisions.

VA also has a duty to provide assistance to substantiate a claim. 38 U.S.C.A. 
§ 5103A (West 2014); 38 C.F.R. § 3.159(c).

The Veteran's available service treatment records have been obtained. Post-service VA treatment records have also been obtained.

The Board notes, the RO had previously issued a formal finding of unavailability with respect to records from 1996 to September 2004. In the August 2014 Board remand, the Board acknowledged that there were likely missing records, including no separation examinations in the record for the Veteran's service from January 1991 to April 1992 or from April 1990 to July 1990 (or for her ACDUTRA service from June 1985 to September 1985). Thereafter, additional service treatment and personnel records were obtained.

Further, the Veteran also submitted a February 2015 statement indicating that previous attempts to secure records proved difficult and resulted in long delays in her claims. She noted that in her case, it was common practice for medical facilities to file dependent medical records under a sponsor's social security number. On a number of occasions in service, she noted her medical records were incorrectly filed as dependent records under her sponsor's social security number. She further stated she has no additional records, medical or service, that she has not personally provided.

Here, multiple attempts have been made to obtain any missing service records. The Board concludes that all procedures to obtain any missing service treatment records were correctly followed, and further attempts to obtain such records would be futile. See 38 C.F.R. § 3.159(c)(2), (3).

The Veteran was provided with VA examinations in July 2010, December 2010 and August 2015 in connection with the claims. With regards to the right ankle claim, the August 2014 Board decision found the July 2010 VA examination inadequate. Thereafter, an August 2015 VA examination report was obtained. The Board finds the December 2010 and August 2015 VA examinations, along with the expert medical opinions, are sufficient evidence for deciding the claims. The reports are adequate as they are based upon consideration of the Veteran's prior medical history and examinations, describe the disabilities in sufficient detail so that the Board's evaluation is a fully informed one, and contain a reasoned explanation. Thus, VA's duty to assist has been met.

II. Analysis

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303 (2015). "To establish a right to compensation for a present disability, a veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service"-the so-called "nexus" requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). 

VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C.A. § 5107(b) (West 2014); 38 C.F.R. § 3.102 (2015); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination, the benefit of the doubt is afforded the claimant.

Residuals of Fibroid Cysts, Left Breast

The Veteran contends that residuals of fibroid cysts of the left breast are attributable to her active service. In the May 2011 substantive appeal, the Veteran indicated that fibrocystic breast is not a condition that only affects one breast. It is a condition that affects the whole reproductive system. She noted this had been explained by a physician who diagnosed her in service.

The Veteran's service treatment records show that she first was diagnosed with a breast cyst in April 1982, on her right breast. No pathology was noted at that time. In February 1991, the Veteran again received treatment for cysts of her right breast. In a record dated February 20, 1991, the examiner found a recurring lump (visible and palpable) to the right breast. She noted "recurring cysts." During a February 27, 1991 examination of the left breast, the examiner diagnosed fibrocystic disease.

After service, a VA treatment record from October 2004 shows the Veteran underwent an excisional biopsy of the left breast and had a mass removed. At that time, she was diagnosed with left-sided breast cancer and underwent chemotherapy and radiation treatment. An October 2004 treatment record noted the surrounding breast tissue from the biopsy had fibrocystic changes. Thereafter, an April 2006 VA treatment record noted breast adenocarcinoma alveolar and left breast lumps or masses. Additional VA treatment records also noted problems with left breast lumps or masses, including October 2007, February 2009 and January 2011.

A December 2010 VA examiner diagnosed the Veteran with a history of fibrocystic disease and breast cancer. In a March 2011 addendum, she noted the fibrocystic change of the right breast is the result of the fibrocystic disease diagnosed and treated during military service. The Veteran also submitted medical literature which indicates that fibrocystic breast conditions usually affect both breasts, and that even if they initially manifest on one side, both breasts eventually become equally fibrocystic. The literature noted that as a rule, fibrocystic breast condition tends to be symmetrical (bilateral) and affects both breasts.

In consideration of this evidence, the Board finds that service connection for residuals of fibroid cysts of the left breast is warranted in addition to the already service-connected right breast. The Veteran currently suffers residuals of fibroid cysts of her left breast, as evidenced by the VA treatment records identifying problems related to left breast lumps or masses. Thus, the current disability criterion is met. Further, while it does not appear a fibroid cyst of the left breast was specifically noted in the service treatment records, right breast fibroid cysts were noted. Additionally, a diagnosis of fibrocystic disease was also indicated in the February 1991 record, a condition which generally affects both breasts. Therefore, the in-service incurrence criterion is met.

The only remaining question is whether the Veteran's current disability is related to the in-service fibrocystic disease diagnosis. Post-service VA treatment records show treatment for ongoing problems with left breast lumps or masses. Additionally, medical literature was submitted indicating that as a rule, fibrocystic breast condition affects both breasts, not just one. Further, the December 2010 VA examiner indicated the fibrocystic change in the right breast is related to the fibrocystic disease diagnosed and treated in service. Thus, the evidence supports that the current fibrocystic change in the left breast is related to the fibrocystic disease which began in service.

Therefore, the Board finds the evidence is at least in relative equipoise as to whether the current residuals of fibroid cysts of the left breast are related to service. Resolving all reasonable doubt in favor of the Veteran, service connection is warranted. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.

Right Ankle Disability

The Veteran contends in the May 2011 substantive appeal that she continues to have pain in her right ankle, since the initial diagnosis of right Achilles tendonitis in service.

The service treatment records show the Veteran received treatment in February 1991 for posterior right ankle pain which had been ongoing for six days. The examiner indicated the pain began for the Veteran during a march and had gotten worse. The examiner diagnosed Achilles tendonitis. A November 1991 record noted old right foot pain. There were no other complaints, findings or diagnosis of right ankle or right Achilles conditions, noted in the service treatment records.

Post-service treatment records include an April 2006 VA treatment record which indicated abnormal ankle range of motion bilaterally. Further, a June 2011 VA treatment record noted tendonitis as a chronic problem.

The Veteran underwent a July 2010 VA examination. The Veteran reported that her condition started with pain and limited motion, which developed into severe pain. Upon examination, the examiner found no diagnosis of right Achilles tendonitis. He reported that since no Achilles tendonitis was found, there was no need for a further medical opinion.

As discussed above, the August 2014 Board remand found the July 2010 VA examination inadequate. The Board noted that the examiner did not address whether any other current ankle disabilities were found and further, additional evidence received after the examination includes notations of tendonitis as a documented problem. Therefore, a new examination was required.

The Veteran underwent another VA examination in August 2015. The examiner diagnosed the Veteran with right Achilles tendonitis. The Veteran reported the date of onset of the symptoms was 1989-1991, attributed to running in combat boots. She reported that she typically did not report her symptoms due to concerns related to being a female in the Marines. She noted that currently with prolonged running, pain starts in her heels, goes up the Achilles, and causes calf tightness. The pain sometimes begins with limited exercise, and she noted while jogging on the treadmill tightness starts at about one mile. She further reported flare-ups and severe pain.

Upon examination, range of motion testing was found normal and no pain was noted. He reported that the Achilles and heel pain limits the Veteran's endurance for prolonged running and weight bearing. The examiner concluded the Veteran's right ankle condition was less likely than not incurred in or caused by the claimed in-service injury, event or illness. He noted that the Veteran reports chronic Achilles pain, however there is not enough evidence in the available record to render an opinion on its relationship to service. There is a single mention of right posterior ankle pain in 1991, but no other records regarding subsequent treatment, including records of chronic pain for at least 20 years. The Board finds the physician reviewed the Veteran's claims file and provided an opinion with an accompanying rationale that is consistent with the evidence of record, to specifically include the Veterans medical history and the available service treatment records. Therefore, the Board finds that the physician's opinion is persuasive expert medical opinion evidence and the most probative in this matter as to the nexus element of the claim. See Wensch v. Principi, 15 Vet. App. 362 (2001).

In light of this evidence, the Board finds that the probative evidence does not show that any current right ankle condition is related to the Veteran's service. The August 2015 VA examiner diagnosed the Veteran with right Achilles tendonitis, satisfying the current disability element. Further, there is a documented February 1991 service treatment record in which the Veteran received treatment for right Achilles tendonitis. Thus, the in-service incurrence element is met. However, the probative evidence supports the current right ankle condition is not related to the Veteran's service.

The service treatment records contain only one note of treatment for right Achilles tendonitis, in February 1991, and there is no treatment for the condition thereafter, for approximately 20 years. The VA made a formal finding of unavailability for VA treatment records from 1996 to September 30, 2004. However, no evidence received supports that the Veteran received treatment for a right ankle condition during this period.

Further, the Veteran has reported, in her May 2011 substantive appeal, that her current right Achilles tendonitis had its onset during service. However, while the Veteran is competent to report that she had problems with her right ankle in service, she is not competent to relate her currently claimed right ankle disability to service in this specific case. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007) (lay evidence can be competent and sufficient to establish a diagnosis of a condition when a layperson is competent to identify the medical condition, or reporting a contemporaneous medical diagnosis, or the lay testimony describing symptoms at the time supports a later diagnosis by a medical professional). In the Veteran's case, such a nexus opinion requires a certain level of expertise given the medically complex question. Lay evidence is not sufficient in this case to prove nexus.

The most probative evidence comes from the August 2015 VA examiner's report, which provides sufficient evidence to show that there is no continuity of symptoms for the Veteran's in-service right Achilles complaint. There is also insufficient evidence of any other right ankle disability medically linked to an incident of service. Thus, there is no probative medical evidence in the claims file that the Veteran received treatment for a right ankle condition during service, which may be reasonably associated with her current right ankle condition. The probative medical evidence provides negative evidence, as the August 2015 VA physician has specifically concluded that the Veteran's current right ankle disability was less likely than not incurred in or caused by the claimed in-service injury, event or illness.

In sum, the preponderance of the evidence is against the claim of service connection for a right ankle disability; there is no doubt to be resolved; and service connection for a right ankle disability is not warranted. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.

ORDER

Service connection for residuals of fibroid cysts of the left breast is granted

Service connection for a right ankle disability is denied.

____________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs