Citation Nr: 1719076 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 12-31 234A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUES

1. Whether new and material evidence has been received to reopen the claim for service connection for cold weather injuries.

2. Entitlement to service connection for gastroesophageal reflux disease (GERD).

3. Entitlement to service connection for hypertension.

4. Entitlement to service connection for a traumatic brain injury (TBI).

5. Entitlement to service connection for bronchitis.

6. Entitlement to service connection for obstructive pulmonary disease (COPD).

7. Entitlement to service connection for right knee patellofemoral pain syndrome with chondromalacia.

8. Entitlement to an initial rating in excess of 10 percent for tinnitus.

9. Entitlement to an initial compensable rating for rhinitis.

10. Entitlement to an increased rating for a left knee disability in excess of 10 percent. 

11. Entitlement to an increased rating for posttraumatic stress disorder (PTSD) in excess of 30 percent prior to October 30, 2008, and in excess of 70 percent thereafter.

12. Entitlement to an earlier effective date prior to October 30, 2008 for the grant of service connection for PTSD. 


ATTORNEY FOR THE BOARD

R. Casadei, Counsel 


INTRODUCTION

The Veteran served on active duty from October 1978 to May 1980, from August 1980 to July 1981, and from September 1981 to August 1992.

This matter comes on appeal before the Board of Veterans' Appeals (Board) from the February 2010, August 2011, and March 2012 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama. 

This appeal was processed using the Veterans Benefits Management System (VBMS). In evaluating this case, the Board has also reviewed the "Virtual VA" system to ensure a complete assessment of the evidence.

The issues of (1) whether new and material evidence has been received to reopen the claim for service connection for cold weather injuries; (2) service connection for GERD; (3) service connection for hypertension; (4) service connection for a TBI; 
(5) service connection for bronchitis; (6) service connection for COPD; (7) service connection for right knee patellofemoral pain syndrome with chondromalacia; 
(8) an initial rating in excess of 10 percent for tinnitus; (9) an increased rating for a left knee disability in excess of 10 percent; (10) an increased rating for PTSD in excess of 30 percent prior to October 30, 2008, and in excess of 70 percent thereafter; and (11) an earlier effective date prior to October 30, 2008 for the grant of service connection for PTSD are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. The Veteran did not file a substantive appeal as to the issues of entitlement to an initial rating in excess of 10 percent for tinnitus, and entitlement to an increased rating for PTSD in excess of 30 percent prior to October 30, 2008, and in excess of 70 percent thereafter, and this jurisdictional defect may not be waived.

2. The Veteran's allergic rhinitis has not been manifested by polyps, greater than 50-percent obstruction of nasal passage on both sides, or complete obstruction on one side.


CONCLUSIONS OF LAW

1. The issue of entitlement to an initial rating in excess of 10 percent for tinnitus is dismissed. 38 U.S.C.A. §§ 7104, 7105 (West 2014); 38 C.F.R. § 38 C.F.R. 
§§ 20.100, 20.200, 20.300, 20.302 (2016).

2. The issue of entitlement to an increased rating for PTSD in excess of 30 percent prior to October 30, 2008, and in excess of 70 percent thereafter is dismissed. 
38 U.S.C.A. §§ 7104, 7105 (West 2014); 38 C.F.R. § 38 C.F.R. §§ 20.100, 20.200, 20.300, 20.302 (2016).

3. The criteria for an initial compensable rating for allergic rhinitis have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.102, 4.1, 4.3, 4.7, 4.97, Diagnostic Code 6522 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Dismissal of Tinnitus and PTSD Rating Claims

In a September 2012 rating decision, the RO granted service connection for tinnitus and assigned a maximum 10 percent rating. The RO also increased the Veteran's PTSD rating to 70 percent, effective October 30, 2008. In October 2012, the Veteran filed a notice of disagreement with the September 2012 rating decision, to include the effective date assigned for PTSD. The RO issued a Statement of the Case (SOC) in March 2015. 

The Board finds that the issues for an initial rating in excess of 10 percent for tinnitus, and an increased rating in excess of 30 percent for PTSD prior to October 30, 2008, and in excess of 70 percent thereafter must be dismissed because a timely substantive appeal, VA Form 9, was not filed. 

A substantive appeal must be filed within 60 days from the date the RO mailed a claimant the SOC (or within the remainder of the one-year period from the date of mailing of the rating decision being appealed, whichever period ends). 38 C.F.R. §§ 20.200, 20.300, 20.302. Otherwise, the rating decision becomes final. See 
38 C.F.R. § 20.1103. 

The filing of a timely substantive appeal, as opposed to an NOD, is not a jurisdictional bar to the Board's jurisdiction. Therefore, the Board can implicitly or explicitly waive the issue of timeliness with regard to a substantive appeal. Nonetheless, the Board may decline to exercise jurisdiction over an appeal if a substantive appeal was not timely filed. See Percy v. Shinseki, 23 Vet. App. 37, 45 (2009). On the other hand, because a timely filed substantive appeal is not a jurisdictional bar to Board review, the Board cannot raise a timeliness objection in a particular case if the appellant filed an untimely substantive appeal and the RO had, nonetheless, treated the Veteran's claim as timely appealed for more than five years, and certified the issue to the Board, and after the Board identified the issue at a hearing and took testimony on the issue. See id. at 45. 

Here, the RO mailed the Veteran an SOC in March 2015. That same month, the Veteran filed a VA Form 9. On that form, he specifically marked Section 9B, indicating that he was only appealing the issue of entitlement to an earlier effective date for PTSD; the Veteran indicated that the effective date for PTSD should be 1998. 

Because the March 2015 VA Form 9 did not refer to the tinnitus or PTSD rating issues addressed in the March 2015 SOC, it cannot be accepted as a valid substantive appeal as to those issues. Importantly, unlike the situation in Percy, the Veteran did not file a VA Form 9 addressing those issues. Thus, this is not a situation where an untimely appeal was filed. Although the RO issued an SSOC in August 2016 addressing the issues, the Veteran has not acknowledged these issues as being timely appealed, and testimony has not been taken on the issues. See Percy, 23 Vet. App. at 45. Thus, these issues are not within the Board's jurisdiction to further review, and they must be dismissed. 38 U.S.C.A. §§ 7104, 7105; 
38 C.F.R. §§ 20.100, 20.200, 20.300, 20.302; Percy, 23 Vet. App. at 45.

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations imposes obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.326(a) (2016). 

The rating claim for rhinitis currently on appeal arises from the Veteran's disagreement with initial evaluation following the grant of service connection. Courts have held that once service connection is granted and the claim is substantiated, additional notice is not required and any defect in the notice is not prejudicial. Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007); Dunlap v. Nicholson, 21 Vet. App. 112 (2007). 

VA must also make reasonable efforts to assist the claimant in obtaining evidence necessary to substantiate the claim for the benefit sought, unless no reasonable possibility exists that such assistance would aid in substantiating the claim. 
38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. In connection with the current appeal, VA obtained the Veteran's service treatment records, post-service treatment records, and the Veteran's statement. The Veteran was also provided with VA examinations for his claim in July 2011 and May 2016. The examiners reviewed the Veteran's medical history, recorded pertinent examination findings, and provided conclusions consistent with the rating criteria. The Board finds that the VA examination reports are adequate for rating purposes. Nieves-Rodriguez v. Peake, 22 Vet. App 295 (2008); see also Barr v. Nicholson, 21 Vet. App. 303 (2007).

Moreover, the Veteran has not objected to the adequacy of any of the examinations conducted during this appeal. See Sickels v. Shinseki, 643 F.3d, 1362, 1365-66 (Fed. Cir. 2011) (holding that although the Board is required to consider issues independently raised by the evidence of record, the Board is still "entitled to assume" the competency of a VA examiner and the adequacy of a VA opinion without "demonstrating why the medical examiners' reports were competent and sufficiently informed"). 

As such, the Board concludes that all reasonable efforts were made by VA to obtain evidence necessary to substantiate the claim. The evidence of record provides sufficient information to adequately evaluate the claim. Therefore, no further assistance to the Veteran with the development of evidence is required, nor is there notice delay or deficiency resulting in any prejudice to the Veteran. 38 U.S.C.A. § 5103A (a)(2); 38 C.F.R. § 3.159 (d).




Laws and Analysis for Allergic Rhinits Rating

The Veteran is currently rated for his allergic rhinitis under 38 C.F.R. § 4.97, Diagnostic Code 6522. This is the appropriate diagnostic code for evaluating the Veteran's disability as it is specifically listed. A 30 percent rating is warranted for allergic rhinitis with polyps. A 10 percent rating is warranted for allergic rhinitis without polyps, but with greater than 50-percent obstruction of nasal passage on both sides or complete obstruction on one side.

The evidence includes a December 2005 private treatment record from Dr. L. D., where an examination revealed positive bilateral sinus erythema and swelling of the nasal mucosa within both nasal passages. There was also positive tenderness to palpation of the maxillary and frontal sinuses. 

The evidence also includes a July 2011 VA examination. During the evaluation, the Veteran stated that he continued to use Flonase with improvement of symptoms, but still reported chronic problems with sinuses. Upon examination, the examiner noted that there was no tenderness noted over the maxillary sinuses. The examiner indicated that a recent sinus x-ray had been read as revealing no acute sinus problems. A computed tomography of the sinuses was also done in July 2011, which was normal.

In a May 2016 VA examination, the examiner noted that there was not greater than 50 percent obstruction of the nasal passage on both sides or complete obstruction on either side. There was also no permanent hypertrophy of the nasal turbinates or nasal polyps. There was no functional impact associated with the Veteran's rhinitis.

The Board has reviewed the remaining evidence of record, and in considering the evidence, the Board finds that an initial compensable rating for the Veteran's allergic rhinitis is not warranted. This is so because at no time during the appeal period has the Veteran had polyps in his sinuses. Further, the Veteran's nasal passages have not been obstructed greater than 50 percent on both sides or completely obstructed on one side. As such, the preponderance of the evidence is against the claim, and an initial compensable rating for allergic rhinitis is not warranted.

Finally, the Board notes that neither the Veteran nor his representative has raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, No. 15-2818, 2017 U.S. App. Vet. Claims LEXIS 319, *8-9 (Vet. App. March 17, 2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).

ORDER

The claim for an initial rating in excess of 10 percent for tinnitus is dismissed.

The claim for an increased rating for PTSD in excess of 30 percent prior to October 30, 2008, and in excess of 70 percent thereafter is dismissed. 

An initial compensable rating for allergic rhinitis is denied.


REMAND

Pending Hearing Requests

In a September 2005 rating decision, the Veteran was initially granted service connection for PTSD and was assigned a 30 percent rating, effective October 28, 2004. In July 2006, the Veteran filed a notice of disagreement (NOD) with the September 2005 rating decision. In a September 2012 rating decision, the RO increased the Veteran's PTSD rating to 70 percent effective October 30, 2008. A March 2015 SOC adjudicated the issue. On the March 2015 VA Form 9, on which he indicated that he was appealing the effective date for the grant of service connection for PTSD, he also indicated that he wanted a Board hearing at the local RO (Travel Board). To date, he has not been scheduled for a Travel Board hearing regarding this claim for an earlier effective date for the grant of service connection for PTSD. Thus, a remand is required in order to afford him a hearing at the local RO.

In a March 2012 rating decision, the RO denied (1) an increased rating for left knee in excess of 10 percent; (2) service connection for right knee patellofemoral pain syndrome with chondromalacia; (3) whether new and material evidence has been received to reopen the claim for service connection for cold weather injuries; and (4) service connection for COPD. The Veteran filed a NOD with the cold weather and COPD claims in May 2012. The RO issued a SOC in September 2012 addressing those two issues. In a November 2012 VA Form 9, the Veteran indicated that he was appealing those issues and did not request a Board hearing. 

However, the RO issued a separate SOC dated in November 2014 addressing the four issues denied in the March 2012 rating decision (to include the previously adjudicated issues of cold weather injuries and COPD in the September 2012 SOC). In a December 2014 VA Form 9, the Veteran requested a Travel Board hearing regarding those four issues. To date, he has not been scheduled for a Travel Board hearing regarding those claims as well. Thus, a remand is required in order to afford him a hearing at the local RO.

Hypertension

The Veteran also maintains that he has hypertension that is related to service, to include his Gulf War Service. 

A July 1992 Report of Medical History shows that the Veteran checked "YES" as to having high or low blood pressure; he also noted occasional chest pain while at rest. The Veteran has not been afforded a VA examination regarding his currently diagnosed hypertension. As such, the Board finds that a remand is warranted. McClendon v. Nicholson, 20 Vet. App. 79, 81 (2006).
 
Further, in a December 2005 private treatment record from Dr. L. D., it was noted that the Veteran had hypertension. Further, Dr. L. D. indicated that the Veteran's "blood pressure is probably elevated secondary to the sinus infection." The Board notes that the Veteran has been service connection for allergic rhinitis. As such, the medical opinion obtained on remand should also address whether the Veteran's currently diagnosed hypertension is secondary to his service-connected rhinitis disability. 

Other Considerations

In an August 2011 rating decision, the RO, as relevant, (1) denied service connection for a traumatic brain injury; (2) denied service connection for bronchitis; and (3) denied service connection for GERD. In October 2011, the Veteran filed a NOD and a SOC was issued in September 2012. The Veteran filed a substantive appeal in November 2012. A Supplemental Statement of the Case (SSOC) was issued in August 2016. In October 2016, the Veteran submitted a private medical opinion from Dr. L. D., without a waiver of RO consideration.

As the October 2016 opinion directly addresses and is significant to the claims currently on appeal, the Veteran's claims must be readjudicated in an SSOC to afford him all due process. [The Board notes that the Veteran's VA Form 9, Appeal to Board of Veterans' Appeals, was filed in November 2012, which is prior to February 2, 2013. See section 501 of the Honoring America's Veterans and Caring for Camp Lejeune Families Act of 2012, Public Law (PL) 112-154 which amends 38 U.S.C. § 7105 by adding new paragraph (e), which states that if new evidence is submitted with or after a Substantive Appeal received on or after February 2, 2013, then it is subject to initial review by the Board unless the Veteran explicitly requests AOJ consideration.]

Accordingly, the case is REMANDED for the following actions:

1. Schedule the Veteran for an appropriate VA examination to assist in determining the etiology of the Veteran's hypertension. Any tests or studies indicated should be conducted.

After reviewing all pertinent documents in the record and obtaining a complete medical history from the Veteran, the examiner should:

a) Offer an opinion as to whether it is as least as likely as not (i.e., 50 percent or greater probability) that currently diagnosed hypertension was incurred in or is otherwise related to service, to include his Gulf War service. 

**Reconcile the opinion with a July 1992 Report of Medical History reflecting that the Veteran checked "YES" as to having high or low blood pressure; he also noted occasional chest pain while at rest.

b) Offer an opinion as to whether it is at least as likely as not (50 percent probability or more) that the Veteran's hypertension manifested to a compensable degree within one year of service. 

c) Offer an opinion as to whether it is at least as likely as not (50 percent probability or more) that the Veteran's hypertension is proximately due to, caused, or AGGRAVATED by a service-connected disability, to include allergic rhinitis. (Note: Please reconcile any opinion with the private December 2005 treatment record from Dr. L. D. who indicated that the Veteran's blood pressure was probably elevated secondary to his sinus infection). 

All opinions are to be accompanied by a rationale consistent with the evidence of record. 

2. After completing any additional notification and/or development deemed warranted, the issues of (1) service connection for hypertension; (2) service connection for a TBI; (3) service connection for bronchitis; and (4) service connection for GERD should be readjudicated in a SSOC, with considering all the evidence since the August 2016 SSOC, to include the October 2016 medical opinion from 
Dr. L. D.

3. Schedule the Veteran for a Travel Board hearing at the RO before a Veterans Law Judge on the issues of 
(1) entitlement to an earlier effective date for the grant of service connection for PTSD; (2) an increased rating for left knee in excess of 10 percent; (3) service connection for right knee patellofemoral pain syndrome with chondromalacia; (4) whether new and material evidence has been received to reopen the claim for service connection for cold weather injuries; and (5) service connection for COPD.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


______________________________________________
S. B. MAYS
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs