Citation Nr: 1826250 
Decision Date: 04/26/18 Archive Date: 05/07/18

DOCKET NO. 10-27 005 ) DATE
 )
 )
On appeal from the
Department of Veterans Affairs Regional Office in Baltimore, Maryland

THE ISSUES

1. Entitlement to service connection for muscle pain, to include as due to an undiagnosed illness.

2. Entitlement to service connection for residuals of a traumatic brain injury (TBI).

3. Entitlement to service connection for headaches.

4. Entitlement to an initial compensable rating for residuals of a laceration of the fifth finger of the right hand (rated as healed laceration dorsum of right little finger proximal phalanx with inability to proximate fingertip to carpal crease).


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

L. B. Yantz, Counsel
INTRODUCTION

The appellant is a Veteran who served on active duty from February 1986 to June 2008.

These matters are before the Board of Veterans' Appeals (Board) on appeal from August 2009 and June 2013 rating decisions of a Department of Veterans Affairs (VA) Regional Office (RO).

In March 2014, these matters were remanded by another Veterans Law Judge for the issuance of a statement of the case (SOC). As will be discussed below, this action was not accomplished, and therefore another remand is required.

The case has now been assigned to the undersigned Veterans Law Judge.

[Pursuant to a March 2014 Board remand, an SOC was issued in August 2017 for the following eight matters: entitlement to service connection for joint pain; entitlement to service connection for chronic fatigue; entitlement to a rating in excess of 10 percent for right knee patellar chondromalacia; entitlement to a rating in excess of 10 percent for left knee patellar chondromalacia; entitlement to a rating in excess of 10 percent for right ankle sprain and lateral ligament instability; entitlement to a rating in excess of 10 percent for left ankle sprain and lateral ligament instability; entitlement to a rating in excess of 10 percent for right lower extremity shin splints; and entitlement to a rating in excess of 10 percent for left lower extremity shin splints. Under 38 C.F.R. § 20.302(b)(1), the Veteran had 60 days from August 29, 2017 (i.e., the date that the RO mailed the August 2017 SOC to him) to submit a timely substantive appeal to perfect an appeal of these issues. However, the Veteran did not file a timely substantive appeal (or submit any correspondence which could be construed as such) within the 60-day timeframe allowed. The Board notes that a February 2018 brief from the Veteran's representative does not constitute a timely substantive appeal for these issues, because such brief was received several months after the 60-day time limit had expired and was therefore not timely received by VA as required for perfection of an appeal. Although VA sent the Veteran a letter in February 2018 indicating that his appeal had been placed on the Board's docket, this letter was generic and did not specify which matters had been placed on the Board's docket. Therefore, VA has not waived objection to the timeliness of a Substantive Appeal by taking actions that led the Veteran to believe an appeal of these matters had been perfected. See Percy v. Shinseki, 23 Vet. App. 37, 45 (2009). Consequently, these eight matters are not before the Board.]

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if action on his part is required.


REMAND

In March 2014, the Board remanded the current claims for the AOJ to issue an SOC on these matters, pursuant to Manlincon v. West, 12 Vet. App. 238 (1999).

However, the AOJ did not take the requested action. [An August 2017 SOC was issued, but such did not address any of the four matters currently at issue.] On remand, an SOC must be issued for these current matters. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance).

The Board notes that it will have full jurisdiction in these matters only if the Veteran perfects an appeal by timely filing a substantive appeal after an SOC is issued.

Accordingly, the case is REMANDED for the following action:

Issue an SOC addressing the claims of entitlement to service connection for muscle pain (to include as due to an undiagnosed illness), entitlement to service connection for residuals of a TBI, entitlement to service connection for headaches, and entitlement to an initial compensable rating for residuals of a laceration of the fifth finger of the right hand (rated as healed laceration dorsum of right little finger proximal phalanx with inability to proximate fingertip to carpal crease). Advise the Veteran and his representative of the period of time afforded for submission of a substantive appeal. [If a substantive appeal is timely received, then the pertinent issue(s) should be returned to the Board.]

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. § 5109B (2012).




_________________________________________________
M. SORISIO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).